(114 App. Div. 827)

### GOLDENBERG v. ZIRINSKY.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

1. DAMAGES—PHYSICAL EXAMINATION—TERMS.
    While a court has power to compel plaintiff in an action for personal injuries to submit to a physical examination on the terms prescribed by Code Civ. Proc. §§ 873, 881, such power cannot be extended beyond the express terms of the statute.
    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 531.]

2. SAME—SERVICE ON ATTORNEY.
    Where plaintiff in an action for personal injuries was a nonresident, the court acquired no jurisdiction to compel him to submit to a physical examination by an order served on plaintiff's attorney.

3. SAME—EXAMINATION—PERSONS PRESENT.
    Under Code Civ. Proc. §§ 873, 881, providing for a personal examination of plaintiff in actions for personal injuries by physicians to be appointed by the court, and under such restrictions as the court or judge shall deem proper, it was improper for the court to direct that both plaintiff and defendant might have a physician of his own choosing present at such examination.
    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 531.]

Appeal from Special Term, Kings County.

Action by Solomon Goldenberg against Jacob Zirinsky.   From an order denying a motion to vacate an order for an examination of plaintiff before trial, and for his physical examination, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Ira Leo Bamberger, for appellant.
C. W. Wilson, Jr., for respondent.

WOODWARD, J.   This is an action for alleged personal injuries, and on the 15th day of February, 1906, an ex parte order was granted, on the application of the defendant, directing the examination of the plaintiff before trial, and directing that he submit to a physical examination; it being provided in such order that the defendant might

have a physician of his own choosing present at such examination, a like privilege being accorded to the plaintiff. The plaintiff being a nonresident, the order directed that service be made upon plaintiff's attorney, and stayed all further proceedings until the physical examination was made. The order has never been served upon the plaintiff, and upon the order being served upon plaintiff's attorney the latter moved to vacate it upon the grounds that it was an improper order and granted without authority of law. This motion was denied, and this appeal is from the order denying such motion.

While we entertain no doubt of the power of the court to compel the plaintiff to submit to a physical examination under the terms prescribed in the Code of Civil Procedure, this is an encroachment upon the common-law rights of litigants, and it should not be extended beyond the exact limits fixed by the statute, and all of its requirements should be observed. It was held in Tebo v. Baker, 77 N. Y. 33, that an order to appear for examination must be personally served, and that service upon the attorney for the party did not give the court jurisdiction to punish for a disobedience of the order, and we can see no reason for a different rule in the matter now before us. There is no inherent power in the court to direct a physical examination. The power is derived wholly from the statute (McQuigan v. D., L. & W. R. R. Co., 129 N. Y. 50, 29 N. E. 235, 14 L. R. A. 466, 26 Am. St. Rep. 507), and as the purpose of the examination is that the evidence may be taken by physicians or surgeons designated by the court and made available for either or both parties to the action (sections 873, 881, Code Civ. Proc.), it is entirely reasonable that the order should be served upon the party who is called upon to act. In the matter now before us the order by its terms directs that service be made upon plaintiff's attorney, and the respondent concedes that there could be no punishment as for contempt; and, if not for contempt, why should the plaintiff be stayed in his action? The court never acquired any jurisdiction by an order served upon plaintiff's attorney. The attorney was not bound to notify his client of such an order, and, the attorney having moved to vacate it, the plaintiff cannot be said to be disobedient or contumacious in not submitting to an examination while the matter is before the court on appeal. That is the orderly method of action. If a party is aggrieved by an order or judgment in general, he has a right of appeal, and, as was said in Farmers' Nat. Bank v. Underwood, 90 Hun, 342, 346, 35 N. Y. Supp. 693, 695:

"As long as the order for the examination remains in full force and effect it cannot be treated as a nullity, but it is the duty of the person against whom it is obtained either to obey it or to move to have it vacated."

The plaintiff's attorney, upon whom the order was served, and who was alone bound by it, if any one was bound by the order, moved to vacate the same, and the plaintiff is not within the rule established by Campbell v. Bauland Company, 41 App. Div. 474, 476, 58 N. Y. Supp. 984, and authorities there cited. The order, in permitting the defendant to have its own medical adviser present, even though a like privilege is accorded the plaintiff, is enlarging the scope of the statute. It was not intended that such physical examination should be accorded to an adverse party for the purpose of enabling him to discover the weak

points and to ignore the strong ones. The intent was to have an examination by physicians or surgeons designated by the court, owing no obligations to the parties; the evidence so brought out to be available to either party. The defendant, by demanding a physical examination, under the fair intent of the statute, takes the risk of producing evidence which will be detrimental to him through the discoveries of disinterested witnesses, and the provisions of section 873 of the Code of Civil Procedure that "such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper," does not authorize the admission to such examination of the parties of one or both of the parties.

The order appealed from should be reversed, with costs, and the order directing examination vacated, without prejudice to the right of the defendant to proceed as he may be advised in reference to a proper order for a physical examination. All concur.