James H. Rooney, as Guardian ad Litem of James J. Rooney, an Infant, et al., Appellants, *v.* Curtis Colson, Respondent.

Third Department, April 10, 1957.

*James F. Carroll* and *Philip P. Proller* for appellants.

*Joseph Rosch* for respondent.

*Per Curiam.* The plaintiffs appeal from an order of the Special Term, allowing a physical examination of the infant plaintiff, insofar as it denies the plaintiffs' request that the order contain a provision that the plaintiffs be furnished a copy of the examining physicians' report.

The plaintiffs-appellants ask that the order be modified to comply with the holding of this court in *Del Ra* v. *Vaughan* (2 A D 2d 156). The defendant-respondent asks that we reconsider that case. We have given the matter further consideration and have decided to adhere to the decision in the *Del Ra* case. The aim of procedural regulations, under the modern view, is to eliminate the element of surprise in the trial of cases, so far as possible, and to facilitate the reaching of a just result in accordance with the merits of each case.

The development of the practice under section 306 of the Civil Practice Act has had an interesting history. The statute, by its terms, requires that the physical examination be made by a physician " to be designated by the court or judge ". This does not contemplate the adoption by the court of the nominee of any party (*Ponzi* v. *City of New York,* 269 App. Div. 949). Under this construction of the statute, the physicians selected by the court are " in some sense officers of the court, or at all events, impartial as between the parties " (*Lyon* v. *Manhattan Ry. Co.,* 142 N. Y. 298, 304) and the court obviously has the power to require them to make a report which

will be equally available to both parties (*Goldenberg* v. *Zirinsky*, 114 App. Div. 827). In fact, in such a case, if the court does not order a report to be made to it for the use of both parties, the defendant "cannot even know in advance of the trial what testimony the experts can give, whether for or against him, unless, after an appointment by the court, they should volunteer to disclose to him the results of their observation" (*Lyon* v. *Manhattan Ry. Co., supra*, p. 304).

However, the practice has grown up of the court's allowing the defendant to nominate the physician to make the examination. We do not disapprove this practice; on the contrary, we believe it to be a useful one in aiding the defendant adequately to prepare for trial but we note that the practice is not one provided for by the statute. A physician selected and employed by the defendant, and designated by the court upon the defendant's nomination, cannot realistically be regarded as an officer of the court but this fact should not deprive the plaintiff of the benefit of a copy of the report, which he would have had if the court had construed the statute strictly and had designated a physician of its own choosing. As a condition of accepting the nominee of the defendant, the court may properly require that a copy of his report should be made available to the plaintiff, just as it would have been if the court had named a physician of its own choosing.

We are of the opinion, however, that, in accordance with the modern trend toward full disclosure on both sides, the plaintiff should be required to give to the defendant a copy of the report of the examination by his physician or physicians, as a condition of his obtaining a copy of the report by the defendant's examining physician (cf. Fed. Rules Civ. Pro., rule 35, subd. [b]). This point was not raised in the *Del Ra* case and was therefore not passed upon by the court. The order appealed from should therefore be modified by providing that, upon request by the plaintiffs, the defendant shall deliver to the plaintiffs a copy of the report of the physical examination authorized by the order, provided however that, after such request and delivery, the defendant shall be entitled, upon request, to receive from the plaintiffs a copy of the report of the examination of the infant plaintiff by his physician or physicians.

The order should be modified accordingly and, as so modified, affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Order modified and as so modified affirmed, without costs.