597 P.2d 981

SOUTHWESTERN IRON AND STEEL
INDUSTRIES, INC., Appellant,

v.

STATE of Arizona, and Andrew L. Bettwy,
Commissioner of the State Land Depart-
ment, State of Arizona, Appellees.

No. 13927.

Supreme Court of Arizona,
In Division.

July 5, 1979.

Hubert E. Kelly and Michael E. Kelly,
Phoenix, for appellant.

Bruce E. Babbitt, former Atty. Gen.,
John A. LaSota, Jr., former Atty. Gen.,
Robert K. Corbin, Atty. Gen. by Dale Ponti-
us and Thomas Prose, Asst. Attys. Gen.,
Phoenix, for appellees.

HOLOHAN, Justice.

Appellant Southwestern Iron & Steel In-
dustries (hereafter Southwestern) appeals
from the judgment of the Superior Court of
Maricopa County denying Southwestern the
relief it had sought as petitioner in the
special action below. This court has juris-
diction pursuant to A.R.S. § 12–2101 and
17A A.R.S. Civil Appellate Proc. Rules, rule
19(e).

Southwestern is the assignee of four min-
eral leases designated M–711, M–712, M–
713, and M–714. The State of Arizona
through the Arizona State Land Depart-
ment is the lessor. In October of 1976
Southwestern sought to renew the above
mentioned leases for a second 20-year term
pursuant to the provisions of A.C.R.R. R12–

5–705(G), which provided Southwestern a preferred right to renew the leases. One hundred sixty-six 20-acre claims were consolidated under the above mentioned leases. In compliance with A.R.S. § 37–108(15) Southwestern paid application fees of $25.00 for each of the four applications for a total of $100.00. Southwestern also paid advance rental charges of $15.00 per claim for a total of $2,520.00. The commissioner asserted that the $25.00 application fee was payable on a per claim basis and not on a per lease basis, and demanded a total of $4,150.00 representing a $25.00 application filing fee for each of the 166 claims. Southwestern refused to pay the additional amount. In September of 1976 the commissioner issued an order rejecting Southwestern's applications and an order to show cause why Southwestern's interests in the subject property should not be terminated at the expiration of its existing leases. Southwestern then filed a special action in the superior court requesting that the commissioner be compelled to receive and act on its application. The superior court denied Southwestern's requested relief and dismissed its special action with prejudice.

■ Southwestern's first argument is that the commissioner is without authority to charge the $25.00 application fee for the processing of a *renewal* application. A.R.S. § 37–108 sets out various fees to be charged for certain filings, but does not specifically state that a fee may be charged for the filing of a renewal application. A.R.S. § 37–108(15), however, allows the commissioner to charge $25.00 for the filing of an original application for a mineral lease. The renewal of a lease is actually the formation of a new contract for an additional 20-year term. We feel that the charging of a $25.00 fee for filing an application for a lease renewal is well within the intended scope of A.R.S. § 37–108(15), and that the action of the commissioner in applying its provisions to the renewal application was proper. We hold that Southwestern is required to pay a $25.00 fee for filing each application for lease renewal.

■ Southwestern's next complaint concerns the commissioner's decision to charge the same $25.00 fee for each claim that was included in the lease renewal application. As there are 166 claims and only four leases this makes a difference of $4,050.00. We find no basis for the commissioner's decision in either the statutes or administrative rules. The leases in question are for a Type B claim as such is designated under A.C.R.R. R12–5–704. The rules divide claims into two classes, Type A claims and Type B claims. The rules governing Type A claims, A.C.R.R. R12–5–703(J)(1)(a) specifically state that a lease application fee of $25.00 shall be filed for each claim. For ease of comparison, the two rules are set out side by side below.

| J. Application for a lease of Type A claim | J. Application for a lease of Type B claim |
|---|---|
| 1. * * * The lease application, in such form as the Commissioner may prescribe, shall be accompanied by: | 1. * * * The lease application, in such form as the Commissioner may prescribe, shall be accompanied by: |
| a. *Lease Application fee per claim.* | a. Advance rental of $15.00 per claim. |
| b. Advance Rental of $15.00 per claim. | b. A plat, to scale * * * |
| c. A plat of a survey to scale * * * | |
| A.C.R.R. R12–5–703 J.—J.1.a. (1976) (Emphasis added.) | A.C.R.R. R12–5–704 J.—J.1.a. (1976) |

As can easily be seen, the rules governing Type B claims do not include the language authorizing the charging of a lease application fee per claim.

■ The principle of *expressio unius est exclusio alterius* as used in statutory and administrative rule construction means that the expression of one or more items of a class and the exclusion of other items of the same class implies the legislative intent to exclude those items not so included. *See Central Housing Inv. Corp. v. Federal Nat. Mortg. Ass'n*, 74 Ariz. 308, 248 P.2d 866 (1952); *Forsythe v. Paschal*, 34 Ariz. 380, 271 P. 865 (1928). The specific inclusion in the administrative rules of the requirement that the $25.00 filing fee be applied per claim on Type A claim applications and its exclusion from the similar rules applying to Type B claims implies that filing fees for Type B claims were to be on a per application basis. The doctrine of "expressio uni-

**80**

us" is not to be applied where its application contradicts the general meaning of the statute or state public policy. *Forsythe v. Paschal, supra.* It appears that the intent of the legislature in authorizing filing fees under A.R.S. § 37–108 was to defer the cost of processing these applications on to the applicant. It further follows that the cost of processing an application would not increase merely because several claims are consolidated and filed in one lease application. Therefore the application of "expressio unius" here does not appear to contradict the meaning of the statute or violate public policy. We note further that the applicant pays $15 per year per claim as a rental plus five percent of the net value of the minerals produced from the claim. A.C.R.R. R12–5–705(E)(1). The commissioner argues that as trustee of the school fund his job is to maximize the income from state trust land, and that charging application fees on a per claim basis is consistent with his statutory power and duty. However, other statutory sections provide for the payment of rents and royalties on lands leased to applicants, and it is by enforcement of these provisions that the commissioner can fulfill his duty to maximize the amount of money going to the school fund.

It may well be that the provision which would have authorized the charging of a fee per claim was left out of the provisions of A.C.R.R. R12–5–704 (in Type B claims) due to inadvertence. The general public as well as the parties herein have a right to rely on the rules as they are written. Likewise this court can only interpret the rules as written and apply to them their plain meaning. We have no power to legislate into them a provision inadvertently left out.

We note that A.C.R.R. R12–5–704(J)(2) gives the commissioner the power to refuse to accept applications to lease or leases unless they are on a per claim basis. This provision goes on to state that several claims may be consolidated under one lease with the prior approval of the commissioner. The commissioner's order rejecting Southwestern's applications did not rely on A.C.R.R. R12–5–704(J)(2) however, and merely stated that:

> . . . [the commissioner] finds that the application fee of $25.00 is payable for each claim contained in the consolidated lease document, . . .

The commissioner having decided to allow Southwestern to consolidate more than one claim under the several applications in question, we see no justification in the applicable statutes or administrative rules which authorize charging the additional fees.

The decision of the superior court is reversed and the cause is remanded to that court with directions to order the commissioner to accept Southwestern's lease applications with the $25.00 fee for each of the four leases.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concurring.