121 P.3d 186

Katherine MARTENS, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Arizona Department of Corrections, Respondent Employer,

State of Arizona Risk Management, Respondent Carrier.

No. 1 CA–IC 04–0092.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 27, 2005.

fer claim. *See Bothell v. Two Point Acres, Inc.,* 192 Ariz. 313, 965 P.2d 47 (App.1998).

* A judge of the Santa Cruz County Superior Court authorized and assigned to sit as a judge on the

Martineau Turley & Johnson, P.L.C., by J. Wayne Turley, Mesa, Attorneys for Petitioner.

Laura L. McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Terry Goddard, Attorney General, by Maria A. Morlacci, Assistant Attorney General, Phoenix, Attorneys for Respondents Employer and Carrier.

**OPINION**

SNOW, Judge.

¶ 1 Katherine Martens seeks special action review of the denial of her motion for a protective order. Upon review, we hold that the administrative law judge ("ALJ") appropriately denied Marten's request.

Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed July 8, 2005.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Martens sustained a psychiatric industrial injury with related physical complications in 1991. Her claim has remained open since that time. She has received treatment for stress-related injuries and conditions from: her family practice physicians, a psychologist, psychiatrists, a pain medication and physical medicine specialist, a Temporo-mandibular–Joint ("TMJ") specialist, a dentist, a dermatologist, and a gastroenterologist. Martens has remained on temporary disability status for almost thirteen years. She has not been released to work activities.

¶ 3 Pursuant to statute, the carrier may request the employee "from time to time" to submit herself for follow-up medical examinations by physicians and specialists whom the carrier designates. Ariz.Rev.Stat. ("A.R.S.") § 23–1026(A) (1995) ("An employee ... shall submit [her]self for medical examination from time to time at a place reasonably convenient for the employee, if and when requested by the ... carrier."); Ariz. Admin. Code ("A.A.C.") R20–5–114 ("If ... a party requests an examination of a claimant by a physician," the party shall provide the claimant with at least fifteen days' advance notice.). In June 2004, the carrier, State of Arizona Risk Management, scheduled Martens for a series of independent medical examinations ("IMEs"), including one independent psychiatric examination ("IPE") with Patricia Crellin, M.D. Martens' long time friend, Ervin Matthews, attended some of the IMEs to provide Martens with emotional support. Prior to the IPE with Dr. Crellin, however, Columbia Medical Consulting, which coordinates Dr. Crellin's appointments, notified Martens' counsel in writing that Martens would not be permitted to bring anyone other than her physician or attorney to the IPE.

¶ 4 In response to Columbia's refusal to allow Matthews to attend the IPE with Martens, Martens filed a motion for protective order. In her motion Martens argued that so long as Matthews did not interfere with the examination, Martens should be allowed to bring him pursuant to A.R.S. § 23–1026(B), A.A.C. R20–5–114, and Arizona Rule of Civil Procedure 35.

¶ 5 The ALJ denied the motion, and Martens requested review. In the interim, Martens and her psychologist, Richard Kapp, Ph.D., attended the IPE in question with Dr. Crellin. The ALJ then issued a Decision upon Review supplementing and affirming the prior denial. In the Decision upon Review, the ALJ also found the motion moot because Martens had attended the IPE that was the subject of the motion. Martens filed a petition seeking special action review from this court. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10.

## ANALYSIS

¶ 6 Although the legal issue here is moot because the claimant attended the IPE in question without Matthews in attendance, *see* *Burton v. Indus. Comm'n,* 166 Ariz. 238, 239, 801 P.2d 473, 474 (App.1990) ("If petitioner has to submit to the medical examination without the use of a tape recorder, the issue will become moot."), we exercise our discretion to review this issue in light of its likely recurrence. *See Fry's Food Stores of Ariz. v. Indus. Comm'n,* 177 Ariz. 264, 266, 866 P.2d 1350, 1352 (1994).

¶ 7 Both our statutes and administrative regulations permit the Industrial Commission of Arizona ("ICA"), employers, and carriers to request an IME of a claimant. A.R.S. § 23–1026(A); A.A.C. R20–5–114(A). On special action review, Martens argues that the statute, the administrative regulation, and the Arizona Rules of Civil Procedure allow her to bring her friend with her to an examination.

### A. The Statute

¶ 8 Arizona Revised Statutes § 23–1026(B) states, "The request for the medical examination shall fix a time and place having regard to the convenience of the employee, [her] physical condition and [her] ability to attend. The employee may have a physician present at the examination if procured and paid for by himself." Martens argues that this lan-

guage does not limit her to having only a physician present during her examination.

¶ 9 In *Burton*, however, we have already held that while a claimant could bring a tape recording to an examination, the statute did not provide the claimant with the right to have persons other than the claimant's physician present. 166 Ariz. at 240, 801 P.2d at 475. We noted "[a] tape recorder is not in the 'same class' as a person. Under the principle of *expressio unius est exclusio alterius*, the statute precludes the presence of all persons except for a physician of a claimant's choosing." *Id.; see State v. Gonzales*, 206 Ariz. 469, 471, ¶ 11, 80 P.3d 276, 278 (App.2003) (explaining that "the rule of *expressio unius est exclusio alterius* . . . is a rule of statutory construction meaning the expression of one thing is the exclusion of another"). Michigan courts, in continuing a statute very similar to ours, determined:

> [The statute] provides that "[t]he employee shall have the right to have a physician provided and paid for by himself or herself present at the examination." However, § 385 is silent as to whether an employee has the right to have an attorney present during the examination. We . . . apply the rule of statutory construction, *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another. We find that an employee may only be accompanied by a personal physician during a physical examination requested by the employer or its insurance carrier. To hold otherwise would render as surplusage the above-quoted sentence from § 385 which expressly prescribes that the employee has the right to have a physician present. Therefore, we hold that § 385 does not grant an employee the right to have counsel present during a physical examination requested by an employer, or its insurance carrier.

*Feld v. Robert & Charles Beauty Salon*, 435 Mich. 352, 459 N.W.2d 279, 280 (1990).

¶ 10 In *Pedro v. Glenn*, 8 Ariz.App. 332, 334–35, 446 P.2d 31 (1968), we noted that at least some examinations can be affected by the presence of third parties and held that the trial court had abused its discretion by permitting counsel and a court reporter to attend a party's psychiatric examination.

It is a useless procedure to conduct a psychiatric examination if the examination cannot be conducted in the atmosphere most conducive to permitting the examining physician to reach a sound professional opinion. There are many facets to the personal background of an individual which are essential in a psychiatric examination. There are questions in relation to this type of examination which go beyond the questions usually asked of a patient or an examinee in the usual physical examination. *Id.*

¶ 11 The statute at issue here provides Martens no right to have anyone present other than a physician for whom Martens has arranged. The ALJ was correct in determining that Dr. Crellin had no obligation to admit Matthews during the examination.

### B. The Administrative Regulation

¶ 12 Martens also argues that A.A.C. R20–5–114(E) gives the ALJ power to allow Martens' friend to attend a defense medical examination. In appropriate cases, A.A.C. R20–5–114(E) grants discretion to an ALJ "[t]o protect a claimant from annoyance, embarrassment, oppression, or undue burden or expense." To do so, "[an ALJ] may order, upon good cause shown, . . . [t]hat the examination not be held" or "[t]hat the examination may be conducted only on specified terms and conditions, including a designation of the time, place, and examining physician." A.A.C. R20–5–114(E).

¶ 13 Martens argues that this regulation gives an ALJ the authority, in appropriate cases, to allow a third party to be present during an examination. The carrier, however, takes the position that an ALJ cannot order that someone other than a physician be present on behalf of the claimant because A.R.S. § 23–1026(B) prohibits it. The carrier notes that statutes take precedence over any administrative rules to the contrary. *Gen. Tire Co. v. Indus. Comm'n*, 156 Ariz. 174, 178, 750 P.2d 1377, 1381 (App.1988). Thus, the carrier asserts the ALJ lacks authority to enter an order that is inconsistent with the applicable statute.

¶ 14 We agree that the statute limits the right of *the claimant* to insist that others

besides a physician be present during an examination. A.R.S. § 23–1026(B) ("The employee may have a physician present at the examination if procured and paid for by [her]self."). But the statute does not limit the prerogative of the ALJ in appropriate circumstances to allow a third party to attend an examination. The regulation, by its own terms, authorizes the ALJ to take appropriate measures to protect a claimant from "annoyance, embarrassment, oppression, or undue burden or expense" upon good cause shown. A.A.C. R20–5–114(E). Such measures may include allowing a third person to attend an examination of the employee.

¶ 15 While the ALJ here was of the view that the statute prevented her from allowing Matthews' presence at the IPE, the ALJ nevertheless did not err by declining to grant the protective order. Despite the ALJ's conclusion that the statute prevented her from allowing Matthews' attendance, the ALJ nevertheless considered whether Martens had established good cause under the regulation for Matthews to be allowed to attend her IPE with Dr. Crellin. The ALJ determined that the claimant had not established good cause:

> I have considered whether there is good cause under Rule 114 to order that the applicant be permitted to have a friend present during the IME with Dr. Crellin or at future IMEs. I do not find good cause. The mere fact that the applicant, whose claim has been open for over 12 years, and who has injuries being treated by doctors in various specialities has undergone 20 IME's does not of itself constitute "annoyance, embarrassment, oppression, or undue burden or expense."

¶ 16 We review the ALJ's determination for an abuse of her discretion. *Kaibab Industries v. Industrial Comm'n*, 196 Ariz. 601, 605, ¶ 10, 2 P.3d 691, 695 (App.2000). Given Martens failure on special action to point to any facts demonstrating that the ALJ abused her discretion in making the above determination, we do not question the ALJ's conclusion.

**C. The Arizona Rules of Civil Procedure**

¶ 17 Martens argues that Arizona Rule of Civil Procedure 35 allows her to have a rep-

resentative present during the examination. Rule 35(a) provides in part, "The person to be examined shall have the right to have a representative present during the examination, unless the presence of that representative may adversely affect the outcome of the examination."

¶ 18 Rule 35 is inapplicable to this case, however, because ICA proceedings are not governed by the rules of civil procedure. A.R.S. § 23–941(F) ("Except as otherwise provided in this section and rules or procedure established by the commission, the administrative law judge is not bound by ... formal rules of procedure."); *Tabler v. Indus. Comm'n*, 202 Ariz. 518, 521, ¶ 10, 47 P.3d 1156, 1159 (App.2002). Further, an employee's limited statutory right under A.R.S. § 23–1026(B) to have a physician present at an examination is inconsistent with an employee's right under Rule 35 to have an unspecified representative present absent some effect on the examination. To the extent that Martens argues that the Arizona Rules of Civil Procedure should be applied to ICA matters, it is not within this court's jurisdiction to amend either the applicable legislation or the scope of the civil rules. Matters of policy are better directed to the legislature, rather than to the courts. *Roosevelt Elementary Sch. Dist. No. 66 v. State*, 205 Ariz. 584, 591, ¶ 33, 74 P.3d 258, 265 (App.2003).

¶ 19 Martens also points out that the other physicians did not object to having Matthews present during Martens' other examinations. However, the practice of the other physicians does not compel Dr. Crellin to admit Matthews.

**CONCLUSION**

¶ 20 Having reviewed the applicable law, we determine that the ALJ appropriately denied Marten's motion for a protective order. We therefore affirm the award and decision upon review.

CONCURRING: PATRICK IRVINE and PATRICIA A. OROZCO, Judges.