NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BRYAN ZEMAN and PATRICIA ZEMAN, husband and wife,
*Plaintiffs/Appellants*,

*v.*

BRIAN H. BAUMKIRCHNER; BHB CAPITAL, LLC, an Arizona limited
liability company; CHRISTOPHER COMBS and JANE DOE COMBS,
husband and wife; COMBS LAW GROUP, PC; ADAM MARTINEZ and
JANE DOE MARTINEZ, husband and wife, *Defendants/Appellees*.

No. 1 CA-CV 15-0228
FILED 6-7-2016

---

Appeal from the Superior Court in Mohave County
No. L8015CV201407288
The Honorable Charles W. Gurtler, Jr., Judge

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED**

---

COUNSEL

Laird Law Firm, P.L.L.C., Tucson
By Brian A. Laird
*Counsel for Plaintiffs/Appellants*

Manning & Kass, Ellrod, Ramirez, Trester, L.L.P., Scottsdale
By Anthony S. Vitagliano, Robert B. Zelms,
*Counsel for Defendants/Appellees Christopher Combs and Jane Doe Combs;*
*Combs Law Group, P.C.; and Adam Martinez and Jane Doe Martinez*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

**W I N T H R O P**, Judge:

¶1            Bryan and Patricia Zeman (the "Zemans") appeal the trial court's judgment dismissing their complaint for failure to state a claim upon which relief can be granted pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b)(6).  For the following reasons, we affirm in part, reverse in part, and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2            PlumCrazy Firearms ("PlumCrazy") and Simpex Enterprises ("Simpex") entered a contract, under which PlumCrazy would purchase from Simpex a refurbished machine for manufacturing firearm parts. Because Simpex was not in the business of fabricating machine molds, PlumCrazy contracted with Bryan Zeman to fabricate a set of molds for the machine.  PlumCrazy paid Simpex for the machine, including the molds; Simpex in turn paid Zeman for the molds.  After Brian Baumkirchner and his company, BHB Capital, LLC ("BHB"), became PlumCrazy's successor in interest, BHB filed a complaint (the "underlying case") against the Zemans, alleging breach of contract for failing to deliver the molds, unjust enrichment, and other related claims.

¶3            Approximately two months before BHB filed its complaint, Adam Martinez, counsel for BHB in the underlying case, contacted Simpex about the molds.  In response, Simpex sent Martinez a letter, stating the parties—Zeman and PlumCrazy—had informed Simpex that the molds had been timely delivered, tested, and accepted.  After the complaint was filed, Simpex told Martinez the same during a phone conversation, and rejected BHB's request that Simpex assign its claims against Zeman to BHB, stating Zeman had performed under the contract and Simpex had no claims against him.  During the phone conversation, Simpex also informed Martinez that Baumkirchner had taken pictures of the molds and emailed the pictures to Simpex because Baumkirchner had approached Simpex about buying back the machine shortly after Baumkirchner took over PlumCrazy.  After the phone conversation, Martinez resent BHB's

assignment request. Simpex again rejected the request in a letter, attaching the same pictures and marking and otherwise identifying the subject molds.[1]

**¶4**　　　　Approximately one month after Simpex sent its rejection letter, BHB moved for partial summary judgment against the Zemans on its claims for breach of contract and unjust enrichment, alleging there was no dispute of fact that Zeman did not deliver the molds to PlumCrazy. In its reply brief for the motion and during a hearing on the motion, Martinez stated "there is no evidence" showing Zeman had performed under the contract. The trial court granted the motion, and the Zemans appealed. This court reversed, holding summary judgment was improper because a genuine issue of fact existed regarding whether Zeman had performed.

**¶5**　　　　While the underlying case was on remand, the Zemans filed the present complaint against multiple defendants: Baumkirchner and his wife; BHB; Martinez and his wife; Martinez's law firm at the time, Combs Law Group, P.C.; and Martinez's then-supervising attorney and employer Christopher Combs and his wife.[2] The Zemans alleged the defendants were liable for abuse of process, and the Combs defendants were liable for aiding and abetting the BHBs in the BHBs' abuse of process. The Combs defendants moved to dismiss the complaint under Rule 12(b)(6), alleging the Zemans' claims were time-barred by the one-year statute of limitations for malicious prosecution, *see* Ariz. Rev. Stat. ("A.R.S.") § 12-541(1),[3] and, in the alternative, that the Zemans had failed to state a claim, and could not prove damages as their damages were contingent upon the outcome of the underlying case. The BHBs joined the motion. The court granted the motion, finding the two-year statute of limitations under A.R.S. § 12-542 governed the present case, but the causes of action for abuse of process had

---

[1]　　　　After the rejection letter was sent, BHB amended its complaint to include Simpex, Simpex's owner, and his wife as co-defendants.

[2]　　　　The Baumkirchners and BHB are collectively referred to as the "BHBs"; defendants other than the BHBs are collectively referred to as the "Combs defendants."

[3]　　　　Absent material revisions after the relevant events, we cite to a statute's current version.

not accrued as the underlying case had not yet concluded.[4] A final judgment to this effect was entered.

¶6 The Zemans timely appealed; we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[5]

**ANALYSIS**

¶7 A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted. Ariz. R. Civ. P. 12(b)(6). We review the trial court's ruling on a Rule 12(b)(6) motion *de novo*. *Coleman v. Mesa*, 230 Ariz. 352, 355-56, ¶ 7, 284 P.3d 863, 866-67 (2012).

¶8 The Zemans agree with the trial court's conclusion that the general two-year statute of limitations found in A.R.S. § 12-542 applies, but argue the trial court erred in granting the Combs defendants' motion to dismiss. They contend the court erred in not finding the cause of action for abuse of process accrued when Martinez misrepresented the lack of evidence in the motion papers for summary judgment and during the hearing on the motion in the underlying case. The Zemans maintain they have stated a claim upon which relief can be granted, and that damages are a question of fact for the jury to decide. In the alternative, they seek leave to amend their complaint if we conclude they have failed to state a claim.

    I.    *Statutes of Limitations*

¶9 The Combs defendants contend that the two causes of action, malicious prosecution and abuse of process, are very similar to each other, and that A.R.S. § 12-541 should apply because it specifies the statute of limitations for malicious prosecution. We disagree. These two tort causes of action are separate and distinct. Further, § 12-541 expressly covers

---

[4] The dismissal appeared to be without prejudice as the trial court denied the Combs defendants' request to dismiss with prejudice. Such dismissal is, however, effectively with prejudice, because, as we explain below, the statute of limitations for abuse of process has run. *See infra* ¶ 13 (concluding the cause of action for abuse of process accrued on December 6, 2012 or February 6, 2013).

[5] Shortly after the Zemans appealed, the Zemans and the BHBs settled the underlying case and the present case as applied to the BHBs. The BHBs are therefore not parties to this appeal.

malicious prosecution. It does not mention abuse of process, nor has an Arizona appellate decision applied § 12-541 to a claim for abuse of process. Under well-established principles of statutory construction, the "expression of one or more items of a class and the exclusion of other items of the same class implies the legislative intent to exclude those items not so included." *Sw. Iron & Steel Indus., Inc. v. State*, 123 Ariz. 78, 79, 597 P.2d 981, 982 (1979). Section 12-541 thus does not apply to an action for abuse of process, regardless of how similar the Combs defendants believe it is to one for malicious prosecution. Instead, § 12-542, which governs general tort actions, applies here; accordingly, the statute of limitations for abuse of process is two years. *See Kenyon v. Hammer*, 142 Ariz. 69, 76 n.6, 688 P.2d 961, 968 n.6 (1984) (stating § 12-542 governs general tort actions); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414-15 (9th Cir. 1985) (applying the two-year statute of limitations under § 12-542 to a claim for abuse of process).[6]

> II. *Accrual of Causes of Action and Applications of the Statutes of Limitations*
>
> A. *Abuse of Process*

¶10 The trial court found the Zemans' cause of action for abuse of process had not yet accrued because the underlying case had not concluded. We disagree.

¶11 Unlike an action for malicious prosecution, where the plaintiff is injured only if the underlying prosecution has terminated in favor of the plaintiff, such a condition is not a prerequisite to actions for abuse of process. *Compare* J.A. Bock, Annotation, *When Statute of Limitations Begins to Run Against Action for Abuse of Process*, 1 A.L.R.3d 953 (2016), *with Hansen v. Stoll*, 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (App. 1981) (stating a cause of action for malicious prosecution has not accrued unless the underlying prosecution has terminated in favor of the complaining party). The trial court was therefore incorrect in concluding that the accrual of the cause of action for abuse of process was dependent on the outcome of the underlying case.

---

[6] The statute of limitations for the other claim, aiding and abetting, is also two years—the same as the underlying actions of this claim. *See, e.g., Am. Master Lease LLC v. Idanta Partners, Ltd.*, 171 Cal. Rptr. 3d 548, 570 (Cal. Ct. App. 2014) (stating the statute of limitations for aiding and abetting is generally the same as those for the underlying actions).

¶12        "The limitations period under § 12-542 'begins to run upon accrual,' which requires not only an alleged 'wrong' but also injury." *Manterola v. Farmers Ins. Exch.*, 200 Ariz. 572, 576, ¶ 10, 30 P.3d 639, 643 (App. 2001) (citation omitted).  In other words, the limitations period does not commence until the tort results in appreciable, non-speculative harm to the plaintiff.  *Id.*  In actions for abuse of process, recoverable damages may include emotional distress, humiliation, inconvenience, or anxiety caused by the abuse of process.  *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 264, ¶ 42, 92 P.3d 882, 894 (App. 2004).   Here, the Zemans alleged the Combs defendants had abused the litigation process by wrongfully avowing to the court in writing and at oral argument that the Zemans had no evidence to support their contention that the molds had been timely delivered, tested, and accepted.   They also contended they suffered compensable injuries from the act, including distress caused by the alleged abuse of process, not to mention the delay and expense incurred in having to appeal the trial court's order.  Accordingly, the Zemans' cause of action for abuse of process has accrued.

¶13        Further, the statute of limitations for abuse of process begins to run from the termination of the acts that constitute the complained-of abuse.  Bock, 1 A.L.R.3d at 953.  We need not determine the exact date of the accrual because both of the alleged acts of abuse of process—filing the motion for summary judgment on December 6, 2012 and arguing during the hearing on the motion on February 6, 2013—occurred within two years of the filing of the present complaint on August 28, 2014.  As a result, the Zemans' claim for abuse of process is not time-barred.

### B.       Aiding and Abetting

¶14        As for the claim for aiding and abetting, under the common law discovery rule, a cause of action does not accrue until "the plaintiff knows or with reasonable diligence should know the facts underlying the cause."  *Manterola*, 200 Ariz. at 576, ¶ 10, 30 P.3d at 643.  On this record, the Zemans' cause of action for aiding and abetting also accrued on the dates of those two alleged acts—stating in the motion papers and arguing during the hearing that there was no evidence demonstrating the molds had been timely delivered, tested, and accepted—when the Zemans knew or should have realized the Combs defendants might have been aiding the BHBs with the alleged abuse of process.  *See Chalpin v. Snyder*, 220 Ariz. 413, 424, ¶ 45, 207 P.3d 666, 677 (App. 2008) (holding that an attorney is not immune from an action for aiding and abetting the client's torts when that attorney advises or assists the client in tortious acts).  Under this analysis, the claim

for aiding and abetting has accrued and is not barred by the statute of limitations, either.

### III.    *Whether the Zemans Have Stated a Claim*

**¶15**        In considering a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, "the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences [that] the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts [that] will entitle them to relief upon their stated claims." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (App. 1987).  The court, however, does not "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts."  *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005).

### A.    *Abuse of Process*

**¶16**        To state a claim for abuse of process, the plaintiff must allege the defendant committed "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel*, 208 Ariz. at 257, ¶ 11, 92 P.3d at 887.  The plaintiff can demonstrate the second element by "showing that the process has been used primarily to accomplish a purpose for which the process was not designed." *Id.*  On this record, Martinez's wrongful use of judicial process in filing, and arguing for, the motion for summary judgment could be construed as willful because he knew about the existence of the pictures and Simpex's statements and letters, and knew or should have appreciated their evidentiary value in showing Zeman's performance under the contract with PlumCrazy.  In their complaint, the Zemans alleged Martinez's acts were for the ulterior purpose of obtaining a summary judgment to which the BHBs were not entitled.  Although obtaining summary judgment under Rule 56 is a legitimate litigation goal, attaining that goal by misleading the court is not a purpose for which the judicial process has been designed.  Accordingly, we hold that, on the record, the Zemans have stated a claim against the Combs defendants for abuse of process.

### B.    *Aiding and Abetting*

**¶17**        The Zemans also alleged the Combs defendants had aided and abetted the BHBs in their tortious abuse of process.  The Zemans

alleged the BHBs intended to use the process to "destroy" them with the cost of litigation. The BHBs' acts could be construed as willful, as shown by Baumkirchner's purported statements and email to that effect, the pictures of the molds taken by Baumkirchner, and the statements and letters authored by Simpex. A purpose of "destroying" an opposing party and making it financially impossible to have a legal issue resolved on the merits is inconsistent with legitimate litigation goals. On this record, the Zemans stated a claim against the BHBs for abuse of process.

¶18    To state a claim for aiding and abetting a tort, a plaintiff must plead that "(1) the primary tortfeasor [committed] a tort that cause[d] injury to the plaintiff; (2) the defendant [knew] the primary tortfeasor's conduct constitute[d] a breach of duty; and (3) the defendant [had] substantially assist[ed] or encourage[d] the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 485, ¶ 34, 38 P.3d 12, 23 (2002).

¶19    At oral argument, counsel for the Zemans conceded they had no information, and thus no evidence, that the Combs defendants were aware of BHBs' plan to use the litigation process to "destroy" the Zemans, and clarified that the aiding and abetting claim against the Combs defendants was based on the same conduct supporting the abuse of process claim against the Combs defendants: that Martinez knowingly misled the court during the summary judgment process by affirmatively advising the court that there was no evidence demonstrating Zeman had timely and completely performed under its contract with Simpex. With this concession and clarification, we agree with the trial court that the Zemans have not stated a claim for aiding and abetting against the Combs defendants, and that claim was properly dismissed. Further, because of the acknowledged lack of evidence to support the aiding and abetting allegations against the Combs defendants, we decline to remand this issue to allow the Zemans to amend their complaint in that regard. *See Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292, ¶ 26, 246 P.3d 938, 943 (App. 2010) (stating a court does not err in denying a motion to amend if the amendment would be futile).

## CONCLUSION

**¶20** The trial court's judgment is affirmed in part and reversed in part. The Zemans' claim for aiding and abetting was properly dismissed, but their claim for abuse of process should not have been dismissed. The case is remanded for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: AA