796 P.2d 876

**The STATE of Arizona, ex rel. Stephen D. NEELY, Pima County Attorney, Petitioner,**

v.

**The Honorable Lina S. RODRIGUEZ, Judge, and Honorable Howard Hantman, Judge Pro Tempore; and The Superior Court of the State of Arizona, in and for the County of Pima, Respondents,**

**and**

**Salvador Garcia PRADO, Real Party in Interest.**

**No. CV–90–0037–PR.**

Supreme Court of Arizona, En Banc.

July 12, 1990.

Stephen D. Neely, Pima County Atty. by Dennis L. Lusk, Deputy County Atty., Tucson, for petitioner.

Susan Kettlewell, Pima County Public Defender by Heather E. Williams, Deputy Public Defender, Tucson, for real party in interest.

OPINION

CORCORAN, Justice.

Defendant/Real Party in Interest Salvador Garcia Prado (defendant) petitions for review from the court of appeals special action decision reversing an order granting him a new trial. 163 Ariz. 391, 788 P.2d 124. The state has not responded. We accepted review of only one issue: does the court of appeals have subject matter jurisdiction to accept special action review of an appealable order after the appeal time has run? Because we hold that the answer is no, we conclude that the court of appeals erred by deciding the merits of the case. Accordingly, we vacate its opinion in its entirety. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### Procedural Background

On June 28, 1989, a jury found defendant guilty of 4 counts of unlawful sale of a narcotic drug. On July 31, 1989, defendant filed a motion for a new trial, which the trial court granted.[1] Although that ruling was appealable pursuant to A.R.S. § 13–4032(2), the state did not file a notice of appeal within the 20–day limit prescribed by rule 31.3, Arizona Rules of Criminal Procedure. Instead, on August 25, 1989, 5 days after the appeal time had run, the state filed a "motion for rehearing, or in the alternative, for findings of fact and conclusions of law" in the trial court. On September 11, 1989, the trial court denied the motion for rehearing, but added findings of fact and conclusions of law in support of its earlier order granting defendant a new trial.[2] On September 26, 1989, almost two months after the order granting a new trial, the state petitioned for special

action in the court of appeals, challenging the trial court's ruling.

The court of appeals accepted special action jurisdiction and granted relief, reversing the order granting a new trial. Defendant petitioned this court for review, arguing, among other things, that the court of appeals had no jurisdiction to grant special action review of an appealable order after the time to appeal the challenged order had expired. We granted review of the limited issue whether the appellate court had subject matter jurisdiction to accept special action jurisdiction under these circumstances.

### The Court of Appeals Opinion

In response to the state's petition for special action, defendant pointed out to the court of appeals that the challenged order was appealable pursuant to A.R.S. § 13–4032(2), and that the 20–day time limit in which to appeal pursuant to rule 31.3 had expired on August 20, 1989. Defendant noted that the motion for rehearing was untimely filed in the trial court beyond the 10–day limit of rule 32.9. Defendant argued that even if such a motion were timely filed, it would not extend the state's time to appeal from the order granting a new trial. *See State v. Berry*, 133 Ariz. 264, 650 P.2d 1246 (App.1982). Defendant further argued:

> The State cannot "bootstrap" the issue of the granting of new trial into the court of appeals after having failed to file a notice of appeal on the issue, by filing a special action on the denial of the motion for reconsideration.... Therefore, the court of appeals has no jurisdiction in which it may consider the granting of the motion for new trial.

Before addressing the merits of the state's argument, the court of appeals con-

---

1. The grounds for the motion for a new trial are not relevant to the limited issue on which we granted review. Indeed, as a result of our conclusion that the state was jurisdictionally barred from obtaining special action relief in the court of appeals after the appeal time had run, we decline to rule on the substantive arguments raised by the state. We vacate the court of appeals opinion in its entirety without addressing the substantive arguments.

2. The parties agree that, although the court made this ruling on September 11, the written minute entry memorializing that ruling was not filed until September 25, 1989. This delay has no significance in light of our holding that the motion for rehearing did not operate to extend the time during which the state could have appealed the order granting a new trial.

sidered whether it had jurisdiction to entertain the special action under these circumstances. It acknowledged that the challenged order was appealable and that the state had not timely appealed. However, the court concluded that the 20–day time limit of rule 31.3 could be "suspended" pursuant to rule 31.20, which allows suspension of any requirement of rule 31 in "exceptional circumstances." The court of appeals then concluded that the petition would "be allowed to proceed as a delayed appeal," and declined to follow the holding in *State v. Berry* that time limits for criminal appeals are jurisdictional. However, in a footnote, the court commented, "Alternatively, this court could exercise its discretion and accept jurisdiction of the special action."[3] The court then addressed the merits and granted the state its requested relief by reversing the order granting a new trial.

## Discussion

### 1. Special Action Subject Matter Jurisdiction

In 1970, this court adopted the Arizona Rules of Procedure for Special Actions to effect a procedural reorganization of the extraordinary writs of certiorari, mandamus, and prohibition. *See* A.R.S. §§ 12–2021 to –2029. Rule 1(a) of the special action rules specifically provides as follows:

> [N]othing in these rules shall be construed as enlarging the scope of the relief traditionally granted under the writs of certiorari, mandamus, and prohibition.

Thus, if the relief sought by special action was not available to a petitioner through the former writs, the rules did not provide the court with an independent appellate power to grant that requested relief. The subject matter jurisdiction of courts to issue the traditional writs is conferred by constitution and by statute; the procedural rules afforded no expansion of that subject matter jurisdiction.[4]

Under the former extraordinary writs, the state had no procedural vehicle to seek review of an order that had become final. For example, mandamus was precluded when a petitioner had neglected to file a timely appeal from the challenged order. *See, e.g., Hurst v. Bisbee Unified School Dist.*, 125 Ariz. 72, 607 P.2d 391 (1979); *Rosenberg v. Board of Regents*, 118 Ariz. 489, 578 P.2d 168 (1978). The traditional method of review by certiorari was not available for an order granting a new trial if an appeal could have been taken but was not. *Miller v. Superior Court*, 21 Ariz. 61, 185 P. 357 (1919); *see also State ex rel. Morrison v. Superior Court*, 82 Ariz. 237, 311 P.2d 835 (1957) (where state failed to appeal to vacate a void order, certiorari was not a proper remedy).

This strong Arizona policy against using extraordinary writs as substitutes for appeals is also reflected in the adoption of the special action rules, which provide that "[e]xcept as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal." Rule 1(a), Arizona Rules of Procedure for Special Actions; *see also* State Bar Committee Note to rule 1(a). In this case, the state did not dispute that it had an available remedy by appeal; neither did it allege that its remedy by appeal was not "equally plain, speedy, and adequate."

 Furthermore, unlike the broader jurisdiction to issue writs conferred on the supreme court and superior courts by the Arizona Constitution,[5] the court of appeals

---

**3.** Regardless of the nomenclature used by the court of appeals, we believe this case was actually decided and disposed of as a special action, and not as an appeal. As previously noted, the state did not file a notice of appeal in this matter.

**4.** In discussing special action review, we use the term "jurisdiction" in two different contexts. "Subject matter jurisdiction" relates to the constitutional or statutory power of a court to decide a case. "Special action jurisdiction" relates

to the discretionary decision of a court to accept review and decide the merits when it is already empowered to hear that case. *See generally* 1 *Arizona Appellate Handbook*, § 7.3 at 7–4 (2d ed. 1983).

**5.** The subject matter jurisdiction of the supreme court over extraordinary writs is derived from Ariz. Const. art. 6, § 5(1) and art. 6, § 5(4). The supreme court's original jurisdiction is concurrent with that of the superior court. *Corporation Comm'n v. Superior Court*, 107 Ariz. 24, 480

has more narrowly-defined and statutorily-derived subject matter jurisdiction in special actions. The court of appeals has special action jurisdiction limited to issuing writs "necessary and proper to the complete exercise of its appellate jurisdiction." A.R.S. § 12–120.21(A)(3). Thus, it may entertain special action jurisdiction only in matters that it might properly consider in an appeal. *See Berry v. Superior Court,* 163 Ariz. 507, 788 P.2d 1258 (App.1989); *Baca v. Don,* 130 Ariz. 222, 635 P.2d 510 (App.1981); *Goodrich v. Industrial Comm'n,* 11 Ariz.App. 244, 463 P.2d 550 (1970); *Crouch v. Justice of the Peace Court,* 7 Ariz.App. 460, 440 P.2d 1000 (1968). Therefore, as a practical matter, if an appeal from the order challenged here was jurisdictionally time-barred, the court of appeals would have no subject matter jurisdiction to exert its discretionary special action jurisdiction and grant relief. *See, e.g., State ex rel. McDougall v. Tvedt,* 163 Ariz. 281, 787 P.2d 1077 (App.1989) (the state may not attack an interlocutory order by special action after the appeal time had run on a criminal final judgment).

### 2. *Time Limits for Filing Special Actions*

Neither the Arizona statutes governing the extraordinary writs nor the procedural rules established for special actions limits the time in which a petition for relief may be filed. *See generally* A.R.S. §§ 12–2001 to –2029; Arizona Rules of Procedure for Special Actions. Traditionally, only the equitable doctrine of laches could bar an extraordinary remedy. *See Felix v. Superior Court,* 92 Ariz. 247, 375 P.2d 730 (1962). More recently, Division Two has applied laches to bar the state from seeking review from a grant of a motion to dismiss by a special action filed after the normal appeal time would have run, when the state offered no justification for the delay. *See State v. Mahoney,* 25 Ariz.App. 217, 542 P.2d 410 (1975). However, as this court has previously pointed out, an order denying a motion to dismiss is *not* an appeal-

P.2d 988 (1971). The subject matter of the superior court over extraordinary writs is derived

able order to which the normal time limits for appeals would apply, so laches would be the traditional equitable procedural time-bar to a petition seeking relief from such an order. *Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 525, 622 P.2d 469, 472 (1980). In *Northern Propane,* we stated this general rule:

> There is no specific time limit as to when a petition for special action must be brought, and acceptance of a petition for special action is discretionary with the court.

127 Ariz. at 525, 622 P.2d at 472. However, *Northern Propane* involved a nonappealable interlocutory order that had not yet become final; the question of this court's subject matter jurisdiction to decide the merits was not at issue. We decline to extend such an open-ended time limit to cases in which a right to appeal exists and is ignored by the party seeking extraordinary relief. One of the equitable considerations involved in accepting special action jurisdiction is a petitioner's showing of a need for speedy relief; such a showing is not made when a petitioner fails to seek relief until after its remedy at law has been abandoned through inaction.

For example, Division One of the court of appeals has found no abuse of discretion in a trial court's refusal to accept special action jurisdiction to review an interlocutory order after the appeal time on a final criminal judgment had run. *See State ex rel. McDougall v. Tvedt,* 163 Ariz. 281, 787 P.2d 1077 (App.1989). That court reasoned:

> Under ... well-established principles of finality, all interlocutory rulings made during the course of a criminal prosecution necessarily are subsumed into the final judgment. That judgment, right or wrong, becomes final and not subject to collateral attack by the state after the appeal time has expired. Thus, ... we conclude that the state is certainly precluded from seeking review of that interlocutory order after the *final judgment*

from Ariz. Const. art. 6, § 18.

has become nonappealable.... On this basis, the trial court did not abuse its discretion in finding that the state's complaint for special action was untimely filed twenty days after the judgment of conviction and sentence were entered.

*Tvedt,* 163 Ariz. at 285, 787 P.2d at 1081.

Additionally, when the more narrow special action jurisdiction of the court of appeals is involved, the failure to appeal constitutes more than just an equitable consideration to be weighed in the discretionary decision whether to accept review; the passing of the appeal time directly relates to the subject matter jurisdiction of the court of appeals to issue a writ "in aid of its appellate jurisdiction." Division One recognized this problem in finding itself without subject matter jurisdiction to consider a special action over which it would not have appellate jurisdiction. *See Berry v. Superior Court.* Additionally, the "well-established principles of finality" recognized in *Tvedt* apply even more firmly when more limited subject matter jurisdiction of the court of appeals is involved in a special action.

This court recently approved the holding of *State v. Berry* that the filing time limits for a notice of appeal in criminal appeals are jurisdictional. *See State v. Dawson,* 164 Ariz. 278, 792 P.2d 741 (1990). In *Dawson,* an appeal by defendant, we held that in the absence of a timely appeal or cross-appeal by the state, we did not have subject matter jurisdiction to consider the state's argument that the trial court had imposed an illegally lenient sentence. Applying that reasoning here, if the order granting defendant a new trial was no longer appealable by the state because the jurisdictional time limits had run, the court of appeals would not have subject matter jurisdiction to accept a special action "in aid of its appellate jurisdiction."

■ The state may have attempted to expand its appeal time in this case by filing a motion for rehearing. However, the Arizona Rules of Criminal Procedure do not contain an extension of appeal time similar to those provided in civil cases for such timely-filed motions. *Cf.* rule 9(b), Arizona Rules of Civil Appellate Procedure. The procedural vehicle for "delayed" criminal appeals is available only to defendants, not to the state. *See* rule 32.1, Arizona Rules of Criminal Procedure. Delayed appeals are allowed to criminal defendants to protect them from error in situations where the trial court has failed to advise them about their appeal rights or where their attorneys have failed to timely appeal. *See* comment, rule 32.1(f). The state, however, not needing such protection, is not afforded the remedy of delayed appeal, because determinable and speedy finality is an important constitutional and public policy consideration in favor of defendants in criminal prosecutions. Thus, we conclude that the state's motion for rehearing in this case, like the motion for reconsideration in *State v. Berry,* did not operate to suspend or extend the jurisdictional time limits in which the state could have appealed from the underlying order granting a new trial.

■ Having been jurisdictionally barred from appealing in the court of appeals, therefore, the state was also jurisdictionally precluded from proceeding through special action as an alternative vehicle, as the court of appeals allowed it to do in this case. Such a result would allow the court of appeals to expand its subject matter jurisdiction through special action procedure, a result the rules of special action clearly do not intend. We therefore hold that the court of appeals, lacking subject matter jurisdiction over an order that could no longer be appealed, had no subject matter jurisdiction over the special action, and could only dismiss the petition for special action. It therefore acted in excess of its jurisdiction in addressing the merits of the state's petition and granting relief.

The petition for special action is dismissed, the opinion of the court of appeals is vacated, and the trial court's order granting a new trial is reinstated.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.