IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



| | | |
|---|---|---|
| BARBARA HORNBECK, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | 2 CA-CV 2007-0139 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| THE HON. DENNIS LUSK, Justice of | ) | |
| the Peace, Apache Junction Precinct, | ) | |
| Pinal County Justice Courts; and THE | ) | |
| PINAL COUNTY ATTORNEY'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Real Parties in Interest/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200701676

Honorable William J. O'Neil, Judge

REVERSED AND REMANDED

Neal W. Bassett and Natalee Segal

Phoenix
Attorneys for Petitioner/Appellant

James P. Walsh, Pinal County Attorney
 By Joe A. Albo

Florence
Attorneys for Real Parties in Interest/
Appellees

E C K E R S T R O M, Presiding Judge.

¶1	Appellant Barbara Hornbeck appeals from the superior court's denial of her petition for special action. In it, she asserted that the respondent judge, appellee Hon. Dennis Lusk, justice of the peace of the Apache Junction Justice Court, abused his discretion when he reassigned her case rather than transferring it to the presiding justice of the peace of Pinal County for reassignment. Because we conclude the superior court erred in ruling the respondent judge was entitled to reassign the case under the relevant rules of criminal procedure, we reverse the judgment denying special action relief and remand the case for further proceedings.

¶2	When reviewing the superior court's denial of relief in a special action, we view the facts in the light most favorable to sustaining the court's ruling. *McCown v. Patagonia Union High Sch. Dist.*, 129 Ariz. 127, 127, 629 P.2d 94, 94 (App. 1981). Hornbeck was charged with three counts of driving under the influence of an intoxicant in Apache Junction Justice Court. After discovering her case was assigned to the respondent judge, she filed a notice of change of judge as a matter of right pursuant to Rule 10.2, Ariz. R. Crim. P. In that notice, she asserted that the presiding judge of the Pinal County justice courts, rather than the respondent judge, should determine the reassignment of her case. Essentially determining that he was the presiding judge of Apache Junction Justice Court, the respondent judge reassigned the case himself, assigning it to a justice of the peace pro tempore serving in the Apache Junction precinct.

**¶3** Hornbeck filed a petition for special action in Pinal County Superior Court, arguing the respondent judge abused his discretion when he failed to transfer her notice to the presiding justice of the peace of Pinal County. The superior court dismissed Hornbeck's petition, concluding that each justice of the peace is generally only authorized to preside in his or her own elected precinct and that no specific authority exists for the presiding justice of the peace of Pinal County to reassign cases pursuant to Rule 10.2. This appeal followed.

**¶4** Under most circumstances, we review a superior court's denial of relief in a special action for an abuse of discretion. *Stoudamire v. Simon*, 213 Ariz. 296, ¶ 3, 141 P.3d 776, 777 (App. 2006). However, when the resolution of an issue depends on the interpretation and interplay of court rules and statutes, we review the superior court's ruling de novo. *State ex rel. Brannan v. Williams*, 217 Ariz. 207, ¶ 4, 171 P.3d 1248, 1250-51 (App. 2007). Hornbeck argues the superior court erred when it concluded the respondent judge was the presiding judge under the relevant rules of criminal procedure.

**¶5** Several rules of criminal procedure are relevant to the issue presented here. Rule 10.2(a) provides that, in any noncapital criminal case, "each side is entitled as a matter of right to a change of judge." Rule 10.5(a), Ariz. R. Crim. P., provides that, after a party requests a change of judge under Rule 10.2, "the case shall be transferred immediately to the presiding judge who shall reassign the case to a new judge." Finally, Rule 1.4(a), Ariz. R. Crim. P., defines "presiding judge" in pertinent part, as follows: "For other courts [than superior court]: the judge, or, in courts having more than one judge, the judge designated as

3

presiding judge by the appropriate authority." In 2004, our legislature enacted A.R.S. § 22-103, which provides that, in counties with two or more justice court precincts, "the justices of the peace in that county shall periodically select one justice of the peace to serve as presiding justice of the peace." *See also* 2004 Ariz. Sess. Laws, ch. 98, § 1.

¶6 We use principles of statutory construction to interpret procedural rules. *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005). In doing so, we read the rules "in conjunction with related statutes and harmoniz[e] the two whenever possible." *Id.* Our purpose is to interpret the statutes and rules according to the drafters' intent, and we will first look to the plain language of the statute or rule as the best evidence of that intent. *Id.* If there is "uncertainty about the meaning or interpretation of the [rule]'s terms," we are required to employ "methods of statutory interpretation that go beyond the [rule]'s literal language," such as "consideration of the [rule]'s context, language, subject matter, historical background, effects and consequences, and spirit and purpose." *Estancia Dev. Assocs. v. City of Scottsdale*, 196 Ariz. 87, ¶ 11, 993 P.2d 1051, 1054 (App. 1999). If the language of a rule can be interpreted in more than one way, we honor the interpretation that would achieve the general goals of the scheme in question. *Estate of Hernandez v. Ariz. Bd. of Regents*, 177 Ariz. 244, 251, 866 P.2d 1330, 1337 (1994).

¶7 Here, Hornbeck and the respondent judge have interpreted the language of Rule 1.4, which defines "presiding judge," in two different and plausible ways. The respondent judge concluded that, because he is the sole judge of the Apache Junction Justice

4

Court, he is the presiding judge under the terms of Rule 1.4. *See* Ariz. R. Crim. P. 1.4(a) (in courts with only one judge, lone judge is "presiding"). By contrast, Hornbeck contends the justice courts of Pinal County are a unitary court with different precincts; therefore, the respondent judge is but one justice of the peace of many in that court. Accordingly, under Rule 1.4, Rule 10.5, and § 22-103, the "presiding judge" would be the presiding justice of the peace of Pinal County. *See* Ariz. R. Crim. P. 1.4(a) (in courts with more than one judge, presiding judge is judge so designated by the appropriate authority).

¶8 The superior court rejected Hornbeck's interpretation of the rules, in part because it found no Arizona law authorizing the presiding justice of the peace of Pinal County to reassign cases under the rules of criminal procedure, a conclusion suggesting that it viewed the Apache Junction Justice Court, rather than the Pinal County Justice Courts, as the relevant entity addressed in Rule 1.4(a). But, because we address the applicability of a rule promulgated by our supreme court, our analysis of Rule 1.4(a) as applied by Rule 10.5(a), must be guided by that court's intent. *See Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, ¶ 29, 74 P.3d 952, 962 (App. 2003) (local courts may not make orders that "frustrate the intent of a [supreme court] rule").

¶9 In March 2005, the supreme court issued Administrative Order No. 2005-22. That order mirrors the language of § 22-103 in requiring "any county" with more than one justice court precinct to provide for the selection of a presiding justice of the peace and expressly sets forth the duties of that presiding judge, including:

5

1. Exercise administrative supervision, as directed by the Supreme Court, over the justices of the peace, pro tem judges and hearing officers.

. . . .

4. Perform any duties and carry out any responsibilities that are provided by law, rules or administrative orders of the Supreme Court.

Thus, the express language of the administrative order not only suggests that counties are the relevant administrative unit for justices of the peace, it also unequivocally assigns to the presiding justice of the peace, selected countywide, those duties given to a presiding judge under supreme court rules.[1]  Accordingly, under the terms of Administrative Order No. 2005-22, the presiding justice of the peace for Pinal County—not the justice of the peace for its subdivision, Apache Junction Justice Court—is responsible for carrying out the duties of a presiding judge as described by Rule 10.5(a).

¶10        Real Party in Interest the Pinal County attorney's office (hereinafter "the state") counters that Order No. 2005-22 "is silent on the issue of p[er]emptory requests for a change of judge" under the rules of criminal procedure. We disagree.  The language of the order requires the presiding justice of the peace to "[p]erform *any* duties and carry out *any* responsibilities that are provided by . . . rules . . . of the Supreme Court." (Emphasis added).

---

[1]Although Rule 1.4, Ariz. R. Crim. P., standing alone, is arguably ambiguous about what administrative unit is encompassed by the term "court," it is clear that the term "presiding judge" applies equally to justices of the peace in the context of applying the Arizona Rules of Criminal Procedure.

6

We can think of no way to describe the Arizona Rules of Criminal Procedure, which are promulgated by the Arizona Supreme Court, other than as rules of the supreme court. And we reject the suggestion that the order is somehow inapplicable to the specific rules of criminal procedure relevant here. To the contrary, the order expressly confers on the presiding justice of the peace "any" duties and "any" responsibilities given by all the rules promulgated by the supreme court. Because we presume the supreme court was aware of the content of its own pre-existing rules when it adopted Administrative Order No. 2005-22, *cf. Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984) (legislature presumed to be aware of existing laws when passing new legislation), we assume it fully intended presiding justices of the peace to perform the duties enumerated for presiding judges under those rules, including those duties specified in Rule 10.5(a).

**¶11** The state also argues that the interpretation of Rules 1.4 and 10.5(a) we now adopt is incorrect because the authority of a justice of the peace to act in other precincts is limited by law.[2] Specifically, the state observes that A.R.S. § 22-114(A) itemizes those limited circumstances when a justice of the peace can preside and act in another precinct and

---

[2]Pinal County's justices of the peace, elected by the voters of specific precincts, *see* A.R.S. §§ 22-101(A) and 22-111, sit in sometimes geographically remote venues. Here, for example, the current presiding Pinal County justice of the peace, Marie Lorona, adjudicates disputes in the Eloy precinct, while the respondent judge has been elected to serve the Apache Junction precinct, whose courthouse is located a considerable distance away. *See* Justice Courts Precinct Map, http://co.pinal.az.us/Justicecourts.

7

asserts that none of those circumstances exists here. In its cogently written and comprehensive order, the superior court appeared to adopt this reasoning.

¶12 But we cannot agree that § 22-114(A) prohibits a presiding justice of the peace from reassigning a case that has arisen in a precinct other than his or her own. To the contrary, that provision broadly authorizes a justice of the peace to act as a judicial officer in other precincts upon the "absence, illness or *inability to act* or upon the request of the justice of the other precinct." § 22-114(A) (emphasis added). Given our conclusion that the respondent judge cannot be characterized as a presiding judge for the purposes of Rule 10.5(a), when read in light of Administrative Order No. 2005-22, he is unable to reassign cases upon receipt of a notice of change of judge filed pursuant to Rule 10.2. Because he is therefore unable to act to reassign cases, § 22-114(A) authorizes the presiding justice of the peace of Pinal County to exercise her duty under Rule 10.5(a) to execute the reassignment.[3] *See Fragoso*, 210 Ariz. 427, ¶ 7, 111 P.3d at 1030 (we must read rules and statutes in harmony when possible).

¶13 Last, we observe that our construction carries out the implicit goal of the relevant rules. Once a litigant has filed a motion for change of judge, those rules generally prevent the originally assigned judge, whom the litigant presumably has removed from the case for some perceived bias, from taking any further actions affecting that litigant's case.

---

[3]Nothing in Rule 10.5(a) or any other pertinent provision would prohibit Justice Lorona from assigning any other qualified judicial officer of the Pinal County justice courts to handle the case.

8

*See* Court Comment to 2004 Amendments to Rules 10.2(a) through (d) ("The purpose of the rules is to allow a party to ask for a new judge when a party may perceive a bias that does not rise to disqualification [for cause]."); *see also* Ariz. R. Crim. P. 10.5(a) ("case shall be transferred immediately to the presiding judge" upon filing of Rule 10.2 motion); Ariz. R. Crim. P. 10.6 ("[W]hen a motion or request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be necessary in the interest of justice before the action can be transferred to the presiding judge . . . ."); *see also Nordstrom v. Leonardo*, 214 Ariz. 545, ¶ 12, 155 P.3d 1069, 1072 (App. 2007) (strictly enforcing Rule 10.6 requirement that court "proceed no further in the action").

¶14 Were we to interpret the rules as the respondent judge did—characterizing each justice-of-the-peace precinct as a separate court for purposes of Rule 1.4(a) and therefore concluding that each justice of the peace, elected by precinct, is a presiding judge under the rules—the general intent of Rules 10.5(a) and 10.6, that a preempted judge not choose his or her successor for the case, would be thwarted in our justice courts. *See* A.R.S. §§ 22-101(A) and 22-111 (all Arizona counties divided into justice court precincts with one elected justice of the peace per precinct). Because we adopt the interpretation of the rules most consistent with their overall goal, *see Estate of Hernandez*, 177 Ariz. at 251, 866 P.2d at 1337, we conclude that, for purposes of Rules 10.2, 10.5(a), and 10.6, the "presiding

judge" in any county with two or more justice courts is the presiding justice of the peace of that county.

¶15        For the foregoing reasons, we reverse the judgment of the superior court denying special action relief and remand the case to the Apache Junction Justice Court for further proceedings consistent with this decision.


                                         _____

                                         PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Judge


_____
GARYE L. VÁSQUEZ, Judge

10