ORDER
ROBERT N. CLINTON, Associate Justice.
On August 4, 2011, this Court granted Petitioners’ extraordinary writ petition for emergency injunctive relief to prohibit the Respondents from holding then imminent village elections. The Order was based on the reasoning that the impending elections would interfere with and possibly render moot issues in two cases pending in the Tribal Court, Duwahoyeoma v. Hopi Tribe, et al., 2011-CV-0023, and Hopi Tribal Council Representatives v. Shingoitewa, et al., 2010-CV-0053. In that Order, *3 the Court set a status hearing on the continuation of the injunction for September 15, 2011. Pursuant to the motion of both parties that hearing was continued and later rescheduled for November 18, 2011. Again, the Defendants sought a continuance. On December 7, 2011, this Court ordered the temporary continuation in force of the injunction but directed Petitioners and Respondents to separately and simultaneously file updates on the status of the two pending cases. Both parties filed their status reports in a timely manner.
This Court now finds that the injunction it issued as an emergency matter on August 4, 2011 is no longer necessary in light of the lack of any continuing emergency. Based on the Petitioners’ and Respondents’ status updates, the two Tribal Court cases are still pending and no real progress has been made on the merits of the litigation. Thus, this Court sees no continuing emergency that would justify continuing the emergency injunctive relief.
Furthermore, it is well accepted in most courts systems that applications for extraordinary relief generally should not be employed to facilitate interlocutory review while the matter in dispute remains pending in the trial court. Within the Arizona state courts and the United States federal courts extraordinary writs should not serve as substitutes for appeal or as vehicles for interlocutory appeal, as either approach may thwart proper judicial process. Roche v. Evaporated Milk Ass’n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Askew v. U.S. Dist. Court for Cent. Dist. of California, 527 F.2d 469, 470 (C.A.9 Cal.1975); State ex rel. Neely v. Rodriguez, 165 Ariz. 74, 796 P.2d 876, 878 (1990); Miller v. Superior Court of Mohave County, 21 Ariz. 61, 185 P. 357, 358 (1919); Jordan v. Rea, 221 Ariz. 581, 212 P.3d 919, 924 (Ariz.App.2009). While these cases are not binding on the Hopi courts, where no Hopi cases exist dealing with a particular issue, Arizona and federal cases may serve as persuasive authority in Hopi courts. Although Arizona and federal courts have sometimes treated appeals as extraordinary writs and vice versa, they have done so only in exceptional circumstances to prevent an immediate injustice where no other plain, speedy and adequate remedy exists. Given that both cases affected by this matter are still pending in the Tribal Court, that no continuing emergency exists, and that any further interim relief, if required, is available from the Tribal Court, this Court has determined that the continuation of the injunction granted in its Order dated August 4, 2011 and the continued exercise by this Court of jurisdiction over the Petitioners’ request for extraordinary relief has interfered with and will continue to interfere with the efficient disposition of the two matters currently pending in the Tribal Court.
Accordingly, this Court must protect the Tribal Court’s jurisdiction, encourage the speedy and efficient disposition of the two matters pending in the Tribal Court affected by this matter, and preserve the future appealability of those matters to this Court following any final order. Therefore, since no continuing emergency exists, this Court hereby VACATES its Order dated August 4, 2011 granting injunctive relief and DISMISSES the remaining unresolved Petition for Extraordinary Relief filed in this matter.