IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

—————————————

SAMUEL RASH, A SINGLE MAN,
*Petitioner/Plaintiff/Appellant,*

*v.*

TOWN OF MAMMOTH,
MAMMOTH POLICE DEPARTMENT,
AND PINAL COUNTY EMPLOYEE MERIT SYSTEM COMMISSION,
*Respondents/Defendants/Appellees.*

No. 2 CA-CV 2013-0062
Filed December 13, 2013

—————————————

Appeal from the Superior Court in Pinal County
No. S1100CV201201479
The Honorable Robert Carter Olson, Judge

**VACATED AND REMANDED**

—————————————

COUNSEL

Munger Chadwick, P.L.C., Tucson
By John F. Munger, David Ruiz, and Adriane J. Parsons
*Counsel for Petitioner/Plaintiff/Appellant*

Jackson Lewis LLP, Phoenix
By Justin S. Pierce and Victoria Torrilhon
*Counsel for Respondents/Defendants/Appellees*
*Town of Mammoth and Mammoth Police Department*

Leonard & Felker, P.L.C., Tucson
By Donna M. Aversa
*Counsel for Respondent/Defendant/Appellee*
*Pinal County Employee Merit System Commission*

---

**OPINION**

Chief Judge Howard authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Miller concurred.

---

H O W A R D, Chief Judge:

**¶1**        In this appeal from a statutory special action, appellant Samuel Rash appeals the trial court's dismissal of his claims challenging his termination from the Town of Mammoth police force.  On appeal, he argues the court erred by finding the time limits of the Arizona Rules of Civil Appellate Procedure applicable to statutory special actions and in concluding that the doctrine of laches would otherwise bar his claims.  Because we conclude the court erred in applying the procedural rules and the laches doctrine, we vacate and remand.

## Factual and Procedural Background

**¶2**        The record supports the following procedural history. On March 22, 2011, the Town of Mammoth ("the Town") terminated Rash's employment.  Rash appealed that decision, which the Pinal County Employee Merit System Commission ("the Commission") heard at the Town's request.  After a hearing on November 29, 2011, the Commission voted to uphold his termination.  Rash, however, did not receive a written decision from the Commission until March 31, 2012.[1]  On May 25, 2012, Rash filed a statutory special action

---

[1]Rash contended below that he received the written decision on April 4, 2012, but concedes on appeal that he received the decision on March 31, 2012.

pursuant to A.R.S. § 38-1004(A) in the superior court appealing the Commission's decision.

**¶3**         The Town and the Commission moved to dismiss the special action as untimely and for failure to timely join an indispensable party.[2]  Finding applicable the thirty-day time limit of Rule 9(a), Ariz. R. Civ. App. P., the superior court granted the motions.  Additionally, the court found that because Rash waited six months after becoming aware of the Commission's decision, "the equitable doctrine of *laches* serves as a separate and independent bar to this action . . . in light of the policy in favor of finality of decisions."  We have jurisdiction over Rash's appeal pursuant to A.R.S. §§ 12-120.21(A)(1), (4) and 12-2101(A)(1).

**Timeliness**

**¶4**         Rash first argues the superior court erred by dismissing his statutory special action after finding the thirty-day time limit for bringing an appeal in Rule 9(a), Ariz. R. Civ. App. P., was applicable to his special action through Rule 7(i), Ariz. R. P. Spec. Actions, titled "Special Appellate Court Provisions."  Although we review a grant of dismissal for an abuse of discretion, *Old Republic Nat'l Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, ¶ 9, 233 P.3d 639, 641 (App. 2010), "we review de novo questions involving the interpretation of court rules and 'evaluate procedural rules using principles of statutory construction,'" *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, ¶ 6, 189 P.3d 1114, 1117 (App. 2008), *quoting Fragoso v. Fell*, 210 Ariz. 427, ¶¶ 7, 13, 111 P.3d 1027, 1030, 1032 (App. 2005).  Where a rule's terms are ambiguous, we consider in our interpretation the rule's "'context, language, subject matter, historical background, effects and consequences, and spirit and purpose.'"  *Hornbeck v. Lusk*, 217 Ariz. 581, ¶ 6, 177 P.3d 323, 325 (App. 2008), *quoting Estancia Dev. Assocs. v. City of Scottsdale*, 196 Ariz. 87, ¶ 11, 993 P.2d 1051, 1054 (App. 1999).

---

[2]The Commission's motion to dismiss is not part of our record but it appears the superior court reviewed it at oral argument on the Town's motion to dismiss and that Rash had an opportunity to reply.

**¶5** The superior court concluded that Rule 7(i), Ariz. R. P. Spec. Actions, titled "Special Appellate Court Provisions," applied to Rash's statutory special action. That rule states that "[t]o the extent they are not inconsistent with these rules, the Arizona Rules of Civil Appellate Procedure shall apply to special actions." Ariz. R. P. Spec. Actions 7(i). Therefore, the court reasoned, the thirty-day filing time in Rule 9(a), Ariz. R. Civ. App. P., also applied. We therefore must determine whether Rule 7, Ariz. R. P. Spec. Actions, applies to statutory special actions filed in superior court.

**¶6** Rule 1(b), Ariz. R. P. Spec. Actions, specifically designates provisions of the special action rules that apply to statutory special actions. It states "the provisions of this Rule as to parties, procedure, interlocutory orders and stays, and judgments shall apply" to statutory special actions. Ariz. R. P. Spec. Actions 1(b). The "provisions" to which Rule 1(b) refers are plainly the titles of Rules 2, 4, 5, and 6, Ariz. R. P. Spec. Actions. Nowhere does the rule refer to the "Special Appellate Court Provisions" contained in Rule 7, Ariz. R. P. Spec. Actions. *Id.* Under the principle of *expressio unius est exclusio alterius*, we may presume items not included in the list in Rule 1(b) were intentionally excluded. *See Sw. Iron & Steel Indus. v. State*, 123 Ariz. 78, 79-80, 597 P.2d 981, 982-83 (1979) ("[E]xpression of one or more items of a class and the exclusion of other items of the same class implies . . . intent to exclude those items not so included."). Thus, under the plain language of Rule 1(b), statutory special actions filed in superior court are not subject to the "Special Appellate Court Provisions" of Rule 7.

**¶7** Moreover, reading the Rules of Procedure for Special Actions as a whole, *see Hornbeck*, 217 Ariz. 581, ¶ 6, 177 P.3d at 325, the term "appellate court" as used in Rule 7 does not include superior courts acting in their capacity to hear statutory special actions that are functionally appeals. Rule 4(f) provides that if a special action "is filed in an appellate court, that court may . . . transmit the matter to a Superior Court for trial." Rule 7(b) also distinguishes between actions that "might lawfully have been initiated in a lower court" and those that are "brought in any appellate court." The drafters of the special action rules thus have distinguished the "Superior Court" or "lower court" from an "appellate court." Rather than establishing procedures for the

superior courts when they hear special actions that are functionally appeals, the provisions of Rule 7 instead set out additional and more specific procedures for special actions filed in appellate courts, i.e., the court of appeals or the supreme court.

¶8            The Rules of Civil Appellate Procedure provide additional support for this distinction. They define "appellate court" as "the Court of Appeals and the Supreme Court." Ariz. R. Civ. App. P. 1. Those rules do not apply to proceedings where the superior court acts in an appellate capacity. Therefore, given the absence of any reference to Rule 7, Ariz. R. P. Spec. Actions, in Rule 1(b), Ariz. R. P. Spec. Actions, and the distinction the procedural rules otherwise draw between "appellate court" and "Superior Court," we do not read Rule 7, Ariz. R. P. Spec. Actions, to apply to statutory special actions filed in the superior courts.

¶9            Here, Rash filed his special action pursuant to A.R.S. § 38-1004, a statute authorizing a writ of certiorari in the superior court for either the employee or the law enforcement department to appeal the merit system council's final decision on disciplinary action. § 38-1004(A), (D). His appeal was therefore a statutory special action filed in superior court pursuant to Rule 1(b), Ariz. R. P. Spec. Actions. Accordingly, the court erred in applying both Rule 7(i), Ariz. R. P. Spec. Actions, and Rule 9(a), Ariz. R. Civ. App. P., and abused its discretion in dismissing the special action as untimely pursuant to the thirty-day time limit in Rule 9. *See Old Republic Nat'l Title Ins. Co.*, 224 Ariz. 526, ¶ 9, 233 P.3d at 641.

¶10           The Town argues that even if the rules do not apply, dismissal was appropriate under A.R.S. § 12-904(A) of the Administrative Review Act (ARA), which it claims applies to this statutory special action. That section requires appeals of administrative decisions to be brought in the superior court within thirty-five days after the decision is served upon the appealing party. § 12-904(A). Because we will affirm the superior court if it is legally correct for any reason, we consider whether the ARA applies to this case. *See Hale v. Amphitheater Sch. Dist. No. 10 of Pima Cnty.*, 192 Ariz. 111, ¶ 5, 961 P.2d 1059, 1062 (App. 1998). "We first look to the language of the statute and give the words used their plain

meaning, unless context demands otherwise." *Villa de Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, ¶ 7, 253 P.3d 288, 292 (App. 2011).

**¶11** Section 12-901(1), defining administrative agency for purposes of the ARA, excepts "any political subdivision or municipal corporation or any agency of a political subdivision or municipal corporation." Furthermore, § 12-902(A)(1), defining the scope of the ARA, excepts a decision "if the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review." The Town is a political subdivision of the state and the Commission is an agency of a political subdivision. Additionally, § 38-1004 provides a definite procedure for judicial review. Finally, we have previously concluded the Administrative Review Act does not apply to statutory special actions brought pursuant to § 38-1004(A). *See Justice v. City of Casa Grande*, 116 Ariz. 66, 67, 567 P.2d 1195, 1196 (App. 1977).

**¶12** The cases to which the Town cites as support for the opposite conclusion deal with Department of Public Safety (DPS) employee appeals, which fall under a different statutory scheme,[3] were subject to a different procedural framework that implicated the Administrative Review Act, or did not address the issue of which statutory framework was proper. *See Taylor v. Ariz. Law Enforcement Merit Sys. Council*, 152 Ariz. 200, 202, 731 P.2d 95, 97 (App. 1986) (DPS employee); *Bishop v. Law Enforcement Merit Sys. Council*, 119 Ariz. 417, 418, 581 P.2d 262, 263 (App. 1978) (same); *Ayala v. Hill*, 136 Ariz. 88, 92, 664 P.2d 238, 242 (App. 1983) (local rules made appeal by ARA applicable);[4] *Williams v. Pima County*, 164 Ariz. 170, 172, 791 P.2d 1053, 1055 (App. 1989) (considering appeal pursuant to ARA

---

[3]*See* A.R.S. § 41-1830.13(B).

[4]At oral argument, the Commission argued for the first time that its local rules made the ARA applicable and asked us to take judicial notice of them. In our discretion, we decline to consider this untimely argument. *See Mitchell v. Gamble*, 207 Ariz. 364, ¶ 16, 86 P.3d 944, 949-50 (App. 2004) (arguments made for first time at oral argument untimely and appellate court may deem them waived).

but not considering whether it was proper vehicle for appeal). We apply the plain language of the statutes, decline to revisit our conclusion in *Justice*, and therefore conclude this statutory special action was not governed by the time limit imposed by § 12-904(A). *See Villa de Jardines Ass'n*, 227 Ariz. 91, ¶ 7, 253 P.3d at 292.

**¶13** The Town and the Commission finally argue that even in the absence of a time limit in the rules or by statute, case law establishes that the "normal appeal period" still governs. Quoting *Felix v. Superior Court*, they argue our supreme court held that "in the absence of a statutory time to file a petition for certiorari, the normal period granted to file an appeal will apply to bar the remedy of certiorari unless circumstances of extraordinary character justifying the delay are shown." 92 Ariz. 247, 250 n.1, 375 P.2d 730, 732 n.1 (1962). This statement was in a footnote and was preceded by the words: "Many jurisdictions have adopted the rule that . . . ." *Id.* But our supreme court did not adopt this rule or apply it in that case, and it appears to have been provided merely for context. *Id.* at 249-50, 375 P.2d at 732. Instead, the court discussed and applied the doctrine of laches. *Id.* Thus, *Felix* does not support the Town's position.

**¶14** They also argue that, in *State v. Mahoney*, this court applied the rule *Felix* mentioned in a footnote and dismissed a special action where the state, as petitioner, "presented no reason or excuse for the delay in filing its special action petition" appealing the dismissal of a criminal prosecution. 25 Ariz. App. 217, 219, 542 P.2d 410, 412 (1975). But *Mahoney* concerned the dismissal of a criminal prosecution and we limited our reasoning to that context. *Id.* And in any event, our rationale was based on an application of the laches doctrine, which "would be the traditional equitable procedural time-bar to a petition seeking relief from" the non-appealable order at issue in that case. *See State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77, 796 P.2d 876, 879 (1990) (discussing *Mahoney*).

**¶15** The Town and Commission also emphasize the portion of *Rodriguez* that states "[w]e decline to extend such an open-ended time limit to cases in which a right to appeal exists and is ignored by the party seeking extraordinary relief." 165 Ariz. at 77, 796 P.2d at

879. But *Rodriguez* was issued when the jurisdiction of the court of appeals to hear special actions was limited to its appellate jurisdiction. *See* 1990 Ariz. Sess. Laws, ch. 395, § 2 (granting court of appeals "[j]urisdiction to hear and determine petitions for special actions . . . without regard to its appellate jurisdiction" several months after *Rodriguez* opinion). And in that case, the party seeking to challenge the order by special action had failed to exercise its right to appeal within the applicable twenty-day time limit. *Rodriguez*, 165 Ariz. at 75, 796 P.2d at 877. As already discussed above, Rash's appeal was not subject to a distinct time limit for appeal and therefore *Rodriguez* does not support the Town's and Commission's position.

¶16 Here, the statutory procedure for appealing the Commission's decision does not have a time limit, and thus there is no "normal" time for bringing an appeal of this kind. *See* § 38-1004(A). Therefore only the laches doctrine could bar the appeal on timeliness grounds. *Felix*, 92 Ariz. at 249-50, 375 P.2d at 732; *Mahoney*, 25 Ariz. App. at 219, 542 P.2d at 412.

**Laches**

¶17 Rash also argues the superior court erred in concluding the doctrine of laches barred his claim. He reasons that, absent a showing of unreasonable delay on his part and prejudice to the Town or the Commission, the laches doctrine could not bar his appeal. "We review a trial court's decision on laches for abuse of discretion." *McLaughlin v. Bennett*, 225 Ariz. 351, ¶ 5, 238 P.3d 619, 621 (2010). The court abuses its discretion if no substantial evidence in the record supports the court's conclusion. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, ¶ 27, 156 P.3d 1149, 1155 (App. 2007). We defer to the court's factual findings unless clearly erroneous, but review de novo its legal conclusions. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 27, 181 P.3d 219, 229 (App. 2008).

¶18 Where neither statute nor procedural rule establish a time limit for filing a special action, "only the equitable doctrine of laches . . . bar[s] an extraordinary remedy." *Rodriguez*, 165 Ariz. at 77, 796 P.2d at 879. That doctrine "will generally bar a claim when

the delay [in filing a lawsuit] is unreasonable and results in prejudice to the opposing party." *Sotomayor v. Burns*, 199 Ariz. 81, ¶ 6, 13 P.3d 1198, 1200 (2000). We determine whether a delay is unreasonable by examining "the justification for delay, including the extent of plaintiff's advance knowledge of the basis for challenge." *Harris v. Purcell*, 193 Ariz. 409, ¶ 16, 973 P.2d 1166, 1169 (1998). The unreasonable delay must also cause prejudice to either the opposing party or the administration of justice, "which may be demonstrated by showing injury or a change in position as a result of the delay." *League of Ariz. Cities & Towns v. Martin*, 219 Ariz. 556, ¶ 6, 201 P.3d 517, 519 (2009). The Town and the Commission, as the parties asserting the defense, had the burden of showing unreasonableness and prejudice. *See Flynn v. Rogers*, 172 Ariz. 62, 66, 834 P.2d 148, 152 (1992).

¶19        Here, the superior court's only finding on the issue of laches was that it served "as a separate and independent bar to this action, considering Petitioner Rash's six-month delay from the date on which he became aware of the Commission's decision on November 29, 2011, in light of the policy in favor of finality of decisions." The court did not discuss whether the six-month delay was unreasonable. And the Town introduced no evidence about the reasonableness of Rash's delay. We note that, although the Commission upheld Rash's termination on November 29, 2011, it did not state its reasoning at the hearing and it therefore would have been difficult for Rash to know the basis of his challenge before he received the written decision on March 31, 2012. *See Harris*, 193 Ariz. 409, ¶ 16, 973 P.2d at 1169. Additionally, the court did not find that either the Town or the Commission was prejudiced by the delay. Nor could the court have so found, as they presented no evidence of "substantial harm" or a change in position based on the delay. *See Martin*, 219 Ariz. 556, ¶ 9, 201 P.3d at 520.

¶20        On a more fully developed record after a motion to dismiss, the superior court might conclude Rash's delay was unreasonable or that the Town, the Commission, or the administration of justice was prejudiced by the delay. On the record before us, however, we cannot agree substantial evidence supports the conclusion that the doctrine of laches should bar this action. The court therefore abused its discretion in applying laches as a bar to

the case proceeding. *See McLaughlin*, 225 Ariz. 351, ¶ 5, 238 P.3d at 621; *Meienberg*, 215 Ariz. 44, ¶ 27, 156 P.3d at 1155. Accordingly, we vacate the dismissal based on laches and remand to the superior court for further proceedings, including, if the parties pursue the issue, a determination of whether the laches doctrine should bar this action.

## Subject Matter Jurisdiction

**¶21** The Town and the Commission further argue that under Rash's theory of the case, the trial court lacked subject matter jurisdiction to proceed pursuant to § 38-1004 because Rash was not seeking review of the Commission's decision, but rather the Town's decision to uphold the Commission's decision. They base this claim on Rash's argument before the trial court that he was appealing the Town's decision. Parties may raise challenges to subject matter jurisdiction at any time, including for the first time on appeal. *Swichtenberg v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991). Subject matter jurisdiction is the power of the court to hear the class of cases involved and is conveyed by statute, not by the parties. *Glover v. Glover*, 231 Ariz. 1, ¶ 18, 289 P.3d 12, 16-17 (App. 2012).

**¶22** Despite Rash's inconsistent argument below, his petition clearly challenges the actions of the Commission. And, although he did not originally include the Commission as a party, he added the Commission in his amended petition pursuant to Rule 15(a), Ariz. R. Civ. P., an action not challenged here. Accordingly, the superior court had subject matter jurisdiction under § 38-1004.

## Disposition

**¶23** For the foregoing reasons, we vacate the dismissal of Rash's appeal and remand to the superior court for proceedings consistent with this opinion.