IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

E.L., Minor Crime Victim,
*Petitioner*,

*v.*

THE HONORABLE KRISTA CARMAN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of YAVAPAI,
*Respondent Judge,*

STATE OF ARIZONA; CHRISTINA LEOTA,
*Real Parties in Interest.*

No. 1 CA-SA 21-0046
FILED 10-5-2021

Petition for Special Action from the Superior Court in Yavapai County
No.  P1300CR2019000669
The Honorable Krista M. Carman, Judge

**JURISDICTION ACCEPTED;**
**RELIEF DENIED IN PART AND GRANTED IN PART**

COUNSEL

Law Office of Jason D. Lamm, Phoenix
By Jason D. Lamm
*Counsel for Victim/Petitioner*

Yavapai County Attorney's Office, Prescott
By Susan L. Eazer
*Counsel for Real Party in Interest State of Arizona*

Arizona Voice for Crime Victims, Phoenix
By Nathan Andrews, Colleen Clase, Jessica Gattuso
*Counsel for Amicus Curiae Arizona Voice for Crime Victims*

Legal Services for Crime Victims in Arizona and National Crime Victim
Law Institute, Sun City
By Jamie Balson
*Counsel for Amicus Curiae Legal Services for Crime Victims in Arizona and
National Crime Victim Law Institute*

---

## OPINION

Judge Brian Y. Furuya delivered the opinion of the Court, in which Chief
Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**F U R U Y A**, Judge:

¶1        Petitioner E.L.,[1] named in an indictment as the victim of a
luring offense allegedly committed by his adoptive mother, seeks special
action relief from orders allowing the Yavapai County Attorney's Office
(the "State") to depose him and compel his testimony with the grant of use
immunity. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-4064. Accepting special action
jurisdiction, this court denies the relief requested in part and grants relief
in part.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Real Party in Interest Christina Leota ("Leota") is awaiting
trial on a charge of luring a minor for sexual exploitation, a class 3 felony.
The State charged Leota based on evidence she had sent sexually explicit
text messages, including at least one suggestive photo, to E.L., who was
then 14 years old. At the outset of the investigation, E.L. told authorities he
and Leota had exchanged sexually explicit texts and photos.

¶3        As the case progressed, however, E.L. declined to meet with
the prosecutor to prepare for his trial testimony. Through his attorney, E.L.
eventually disclosed to the prosecutor that he would characterize certain
evidence in a manner that was more favorable to Leota than had previously
been reported to law enforcement. E.L.'s attorney then informed the

---

[1]        To protect the victim's privacy, an abbreviation is used.

prosecutor that E.L. would invoke his Fifth Amendment privilege and refuse to testify unless granted transactional immunity (sometimes referred to as "total" or "blanket" immunity). After the prosecutor indicated that the State did not intend to pursue charges against E.L. relating to the photographs, E.L.'s attorney stated that invoking his Fifth Amendment rights was not limited to the photographs.

¶4　　　　Seeking to ameliorate E.L.'s concern about possible charges, the State moved to preclude any inquiry at trial regarding E.L.'s conduct unrelated to the charges pending against Leota. After a closed hearing, the court ruled that unrelated conduct by E.L. was not relevant to the case against Leota and precluded any examination regarding such conduct.

¶5　　　　The State then filed a "Petition to Compel Testimony/Use Immunity" and a "Motion for Court Ordered Deposition of Victim [E.L.]" The court granted the State's petition and motion, ordering E.L. to appear for a deposition with use immunity, which would prevent the State from using E.L.'s testimony in any prosecution against him. A.R.S. § 13-4064.

¶6　　　　Arguing that use immunity did not adequately protect his rights and that the order violated Arizona's Victims' Bill of Rights, E.L. filed the instant petition for special action.

## DISCUSSION

### I.　　Special Action Jurisdiction Accepted.

¶7　　　　Acceptance of jurisdiction in a special action is discretionary. *State v. Hutt*, 195 Ariz. 256, 259, ¶ 5 (App. 1999) (citation omitted). Acceptance of such jurisdiction is appropriate when the issues presented turn solely on legal principles rather than factual determinations, *e.g.*, *Univ. of Ariz. Health Scis. Ctr. v. Super. Ct.*, 136 Ariz. 579, 581 (1983), and where the petitioner has no effective appellate remedy, *see Nataros v. Super. Ct.*, 113 Ariz. 498, 499 (1976). Here, the issues presented require interpretation of our constitution, statutes, and rules, and E.L. cannot await the conclusion of trial because the deposition he objects to would already have taken place. Thus, we accept jurisdiction.

### II.　　Use Immunity is Co-Extensive with the Fifth Amendment.

¶8　　　　E.L. argues that, under the Fifth Amendment, he is entitled to refuse to testify—either at a deposition or at trial—unless he is unconditionally granted transactional immunity regarding any relevant

statements or conduct, and further argues the superior court's grant of use immunity is insufficient to safeguard his rights.

**¶9**　　　　The interpretation of constitutional provisions, statutes, and court rules is a question of law we review *de novo*. *State v. Hegyi*, 242 Ariz. 415, 416, ¶ 7 (2017).

**¶10**　　　　The Fifth Amendment to the United States Constitution guarantees that no person shall be compelled to incriminate him- or herself in a criminal proceeding. *Hoffman v. U.S.*, 341 U.S. 479, 485–86 (1951). "Immunity statutes seek an accommodation between the requirements of the [F]ifth Amendment and legitimate government demands to compel testimony." *Brown v. Ariz. Dep't of Real Est.*, 181 Ariz. 320, 324 (App. 1995) (citing *Kastigar v. U.S.*, 406 U.S. 441, 445–46 (1972)). Thus, a statute authorizing immunity is constitutional if it affords immunity that is coextensive with the scope of the Fifth Amendment. *Kastigar,* 406 U.S. at 449, 459. Because this immunity need not be any broader than the constitutional privilege, *id.* at 453, a "witness cannot claim an immunity privilege greater than that afforded by the [F]ifth Amendment," *Brown*, 181 Ariz. at 324–25.

**¶11**　　　　Arizona's use immunity statute, A.R.S. § 13-4064, is valid under the Arizona Constitution, *see Patchell v. State*, 147 Ariz. 508, 509–510 (App. 1985), and the United States Constitution, *John Doe I v. Super. Ct.,* 149 Ariz. 169, 170–71 (App. 1985). Under A.R.S. § 13-4064, an order immunizing a witness means that the testimony or evidence the witness provides, "or any information directly or indirectly derived from such testimony or evidence, shall not be used against the [witness] in any proceeding or prosecution for a crime or offense concerning which he gave answer or produced evidence under court order." Such immunity affords protection that is coextensive with the Fifth Amendment. *John Doe I,* 149 Ariz. at 171. But E.L. nevertheless maintains he is justified under the Fifth Amendment in refusing the court's order to participate in his deposition unless he is granted transactional immunity. However, "[t]ransactional immunity . . . affords the witness considerably broader protection than does the Fifth Amendment privilege." *Kastigar*, 406 U.S. at 453.

**¶12**　　　　Given the court's grant of use immunity, along with its preclusion of questions about E.L.'s other conduct unrelated to the charge against Leota, E.L. has not shown that the court's orders violate his Fifth Amendment rights. Therefore, E.L. cannot withhold his testimony as a condition of obtaining transactional immunity.

### III. The Victims' Bill of Rights Does Not Preclude the State from Deposing a Victim if the Deposition is Permissible Under Rule 15.3.

**¶13**          Pursuant to Arizona Rule of Criminal Procedure ("Rule") 15.3(a), a party to a criminal case may move for a court order permitting "examination of any person, except the defendant and those excluded by Rule 39(b), by oral deposition" under one of three specified circumstances:

> (1) a party shows that the person's testimony is material to the case and that there is substantial likelihood that the person will not be available at trial; or

> (2) a party shows that the person's testimony is material to the case or necessary to adequately prepare a defense or investigate the offense, that the person was not a witness at the preliminary hearing or at the probable cause phase of the juvenile transfer hearing, and that the person will not cooperate in granting a personal interview; or

> (3) a witness is incarcerated for failing to give satisfactory security that the witness will appear and testify a[t] a trial or hearing.

Rule 15.3(a)(1)–(3). Further, subsection (e) of Rule 15.3 states, "[a] defendant has the right to be present at any deposition ordered under (a)(1) or (a)(3)," the first and third of these specified circumstances. Applying the canon of *expressio unius est exclusio alterius,*[2] we presume our supreme court's decision to specify the first and third portions of subsection 15.3(a) within subsection 15.3(e), to the exclusion of the second, implies that it did not intend defendants to have a right to be present at a deposition under Rule 15.3(a)(2). *See Rash v. Town of Mammoth*, 233 Ariz. 577, 580–81, ¶ 6 (App. 2013) (applying the *expressio unius* canon to court rules). Stated differently, a defendant has no right to be present for a deposition under Rule 15.3(a)(2) (where the movant successfully shows that the person's testimony is material or necessary and that the person will not cooperate in granting a

---

[2]          "Expression of one or more items of a class and the exclusion of other items of the same class implies intent to exclude those items not so included." *Rash*, 233 Ariz. at  581, ¶ 6 (quoting *Sw. Iron  &  Steel  Indus.  v. State*, 123 Ariz. 78, 79–80 (1979)).

personal interview). [3] The State's motion here relied on Rule 15.3(a)(1) and (2) and the order granting the motion does not elaborate the basis or bases for the order.

¶14 Voters amended the Arizona Constitution by referendum in 1990 to add the Victims' Bill of Rights, which grants specific protections to crime victims. Ariz. Const. art. 2, § 2.1. Statutes and court rules implement these protections. *See, e.g.*, A.R.S. § 13-4433; Ariz. R. Crim. P. 39. E.L. argues the superior court's order violates his right under the Victims' Bill of Rights because he has an absolute right "without exception" to refuse the court-ordered deposition/interview by the prosecutor. But the text of Arizona's Constitution limits depositions of a victim by a criminal defendant, not a prosecutor. "[A] victim of crime has a right . . . [t]o refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant." Ariz. Const. art. 2, § 2.1(A)(5).

¶15 "When interpreting the scope of the Victims' Bill of Rights, we are required to follow and apply its plain language." *State v. Klein*, 214 Ariz. 205, 207, ¶ 5 (App. 2007). By its express terms, § 2.1(A)(5) of article 2 does not grant a victim the right to refuse a pretrial interview, deposition, or discovery request *initiated by the State*; instead, it refers only to such a request by or on behalf of *the defendant*. The specification of the defendant, the defendant's attorney or other agent of the defendant in this provision—to the exclusion of any reference to the State—further demonstrates that the Victims' Bill of Rights is not intended to restrict discovery propounded by the State. *See State v. Maestas*, 244 Ariz. 9, 13, ¶ 15 (2018) (applying the *expressio unius* canon to interpretation of initiatives, such that when a voter-approved measure "sets forth a list" that does not include some items, "we assume that the voters did not intend to" include the omitted items).

¶16 Similarly, the statute and rule upon which E.L. relies do not afford him a right to refuse a deposition ordered at the request of the State. *See* A.R.S. § 13-4433(a) ("Unless the victim consents, the victim shall not be compelled to submit to an interview on any matter . . . that is conducted by the defendant, the defendant's attorney or an agent of the defendant."); Rule 39(b)(12) (allowing a victim "the right to refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on the defendant's behalf"). Thus, nothing

---

[3] In this narrow sense, a Rule 15.3(a)(2) "deposition" differs from a typical deposition, where all parties and their counsel to a case have the right to be present.

in the plain text of the Arizona Constitution, statute, or rule declares or even implies that a victim has a constitutional right to refuse to obey a court order to appear and testify in a deposition requested by the State. *Cf. S.A. v. Super. Ct.*, 171 Ariz. 529, 529–531 (App. 1992) (concluding a victim can be subpoenaed to attend and compelled to testify at trial, consistent with the Victims' Bill of Rights).

## IV. The State Has Not Established that E.L. is Unavailable for Trial.

¶17         Both E.L. and the State acknowledge in their briefings that Leota may have a right to attend and participate in any deposition of E.L. E.L. further argues Leota's participation in any deposition by the State would create an unconstitutional violation of his rights under the Victims' Bill of Rights and subject him to "intimidation, harassment, or abuse." The State counters that E.L.'s constitutional and statutory victims' rights must yield to a defendant's rights to Due Process. *See, e.g., R.S. v. Thompson*, 251 Ariz. 111, 117, ¶ 14 (2021) ("[T]he legitimate needs of fairness may outweigh an absolute privilege.") (citation omitted); *see also Crawford v. Washington*, 541 U.S. 36, 68 (2004); Ariz. Const. art. 2, § 24 (guaranteeing the accused in criminal prosecutions the right "to meet the witnesses against him face to face"); *State v. Karp*, 236 Ariz. 120, 123, ¶ 9 (App. 2014) ("The [Confrontation Clause] reaches 'formalized testimonial materials,' such as depositions . . . .") (quoting *Michigan v. Bryant*, 562 U.S. 344, 379 (2011) (Thomas, J., concurring)). Recognizing published Arizona caselaw has not squarely decided that question, the issue is not yet ripe here because it is now unclear whether the State continues to have grounds upon which to depose E.L.

¶18         As noted above, a victim deposition at which the defendant and/or defense counsel is present can only be ordered upon a showing that a victim will be unavailable at trial or is incarcerated for failure to provide security that the victim will appear and testify at trial. Ariz. R. Crim. P. 15.3(a)(1), (3) and (e).

¶19         Here, the record reflects that the State originally moved to depose E.L. citing concerns he would not appear at trial because he had not been granted transactional immunity as E.L.'s attorney had requested. In response to this concern, the court issued the order compelling E.L.'s deposition. But since we hold E.L. has no right to demand—or condition his appearance as a trial witness upon receipt of—transactional immunity, it is unclear from the record presented that the State's concerns about trial availability persist. Because the order granting the deposition may have relied on Rule 15.3(a)(1), because Rule 15.3(a)(1) requires the State to show substantial likelihood of E.L.'s unavailability at trial, and because the

resolution of E.L.'s immunity arguments calls into question the basis of the court's order compelling E.L.'s deposition, we vacate that order and remand this matter to the superior court to consider the State's motion for deposition in view of this opinion.

**CONCLUSION**

**¶20**      Accepting special action jurisdiction, this court denies relief, in part, as to the question of transactional immunity, grants relief, in part, by vacating the superior court's ruling on the State's motion for Rule 15.3(a) deposition of E.L., and remands for further proceedings consistent with this opinion.



AMY M. WOOD • Clerk of the Court
FILED:   AA